### ROYAL CREDIT CLOTHIERS v. PHILLIPS.

#### No. 8966.

Court of Civil Appeals of Texas. Austin.

Dec. 11, 1940.

Rehearing Denied Dec. 31, 1940.

1112

Elton M. Hyder, of Ft. Worth, for appellant.

No briefs filed for appellee.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant, Royal Credit Clothiers, a corporation, to be sued in Tarrant County, its residence and principal place of business. By his controverting affidavit, appellee, George A. Phillips, alleged and on the venue hearing proved in substance that by an oral contract he was employed by appellant to manage its store in Austin, Travis County, Texas, for a period of one year, at a salary of $35 per week to begin with, which after the first week was increased to $40, but at the end of four months he was fired without good cause; and for which breach of contract he sought both actual and exemplary damages. Appellee also alleged and proved that appellant was incorporated under the corporate name of Royal Credit Clothiers, Inc., that its incorporators were F. M. Skinner and his wife, Allie Skinner, who filed and recorded an affidavit in Travis County that appellant was operating in Austin, Travis County, Texas, as "Royal Credit Clothiers, Inc., D B A Lacy's"; that appellant had an agent or manager conducting and managing its business in Austin in the person of G. L. Lindsey; that the contract of employment was made and performed in Austin, and the breach thereof occurred in Travis County. Under these allegations and proof of facts, appellee asserted and the trial court sustained venue in Travis County by virtue of the provisions of Art. 1995, Sub. 23, Vernon's Ann.Civ.St., which read: "Suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation * * * has an agency or representative."

Under the foregoing proof, we overrule the several propositions of appellant that appellee failed to show that appellant was a private corporation. It was shown to be operating a retail clothing business. The evidence also showed that appellant had a place of business in Austin, Travis County, Texas, and that G. L. Lindsey was its manager and representative in Austin.

Nor is there any merit to the contention that appellee failed to show any contract of employment by any authorized agent of the corporation. He was employed by an agent of the corporation, talked the matter of how much business he was expected to produce with both Mr. and Mrs. Skinner, and actually worked for the corporation operating under the name assumed by them for a period of about four months, producing more than $20,000 worth of business for the corporation; and without any stated reason he was discharged.

The order appealed from is affirmed.

Affirmed.