## AMARILLO COCA-COLA BOTTLING CO., Inc. v. LOUDDER et al.

### No. 5829.

Court of Civil Appeals of Texas. Amarillo.
Dec. 8, 1947.

Rehearing Denied Jan. 12, 1948.

Gibson, Ochsner & Little, of Amarillo (Sterling Kinney, of Amarillo, of counsel), for appellant.

Sanders, Scott, Saunders & Smith, of Amarillo, and J. D. Barker, of Canyon, for appellees.

STOKES, Justice.

Appellees, Lois Loudder and her husband, J. D. Loudder, instituted this action against the appellant, Amarillo Coca-Cola Bottling Company, Inc., in the District Court of Randall County to recover damages for personal injuries sustained by

Mrs. Loudder alleged to have resulted from drinking a portion of the contents of a bottle of coca cola which was contaminated and polluted by the decomposed body of a mouse. Mrs. Loudder purchased several bottles of coca cola from the Houston Pritchard Service Station at Canyon on the afternoon of February 22, 1947. She took them to their farm home in Randall County and placed them in the refrigerator where they remained until the afternoon of the next day when her husband opened two of the bottles, the contents of one of which was consumed by him and he handed the other to Mrs. Loudder who drank a portion of its contents. Observing something unusual as to its flavor, she set it aside and drank the contents of another bottle. About an hour or so later she examined the first bottle and discovered in it the decomposed and putrid body of a mouse.

The appellant is a corporation with its office and principal place of business located at Amarillo in Potter County and it filed and urged a plea of privilege to be sued in the county of its residence. Appellees duly controverted the plea of privilege and invoked the provisions of subdivision 23 of Article 1995, R.S.C.1925, Vernon's Ann.Civ.St. art. 1995, subd. 23. Upon a hearing before the trial judge, the plea was overruled. Appellant duly excepted to the order overruling its plea, perfected an appeal therefrom, and presents the case to this court for review. It asserts the court erred in overruling its plea of privilege because, first, the appellees failed to establish a cause of action against it, as required by Article 2007, Vernon's Annotated Civil Statutes, and, secondly, because there was no showing in the evidence that the mouse was not placed in the bottle after it left the hands of the appellant.

Appellant introduced no testimony. The uncontradicted evidence showed that Houston Pritchard was engaged in operating a filling station at Canyon in Randall County, and that, in connection therewith, he sold bottled coca cola and also maintained a small stock of groceries. All of the coca cola purchased and handled by him was purchased from the appellant and deliveries were made by it to the filling station

at Canyon twice each week. When the beverage was delivered at the filling station, it was placed in a small room in the rear of the building, the outside door of which was closed and locked at all times. The bottles purchased by Mrs. Loudder were procured from this small room and delivered to her by one of Pritchard's daughters who occasionally worked with her father at the station. Houston Pritchard testified that when the bottles of coca cola were sold, they were in the same condition as they were when he received them from the appellant. Appellee, J. D. Loudder, opened the contaminated bottle by the use of a bottle-opener with which he pried the cap and he testified that he noticed nothing wrong with it. It was further shown that Mrs. Loudder became violently ill and remained so for a number of days, during which she was treated by a physician, and it is not controverted that her illness was the direct result of the consumption by her of the contaminated contents of the coca cola bottle.

■ It is now the settled policy of the law of this state that, to protect the health and lives of the public, a manufacturer or vendor of foods and beverages is liable to consumers thereof for injuries caused by contaminated or poisonous substances in such foods or beverages at the time they are manufactured and sold, even though the manufacturer be not guilty of negligence in manufacturing and processing them. Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479.

■ To establish a cause of action against the appellant, it was not necessary therefore, for the appellees to allege and prove acts of negligence on the part of appellant in the manufacture, preparation, and bottling of the commodity purchased by appellees, the consumption of which resulted in injury to Mrs. Loudder. The record showed conclusively that appellant manufactured and bottled the coca cola which caused the injury to Mrs. Loudder and there was no intimation in the testimony that the mouse got into the bottle, or was put into it by some one else, after it left the hands of the appellant. In our

opinion, the evidence was sufficient to establish a cause of action against appellant and its first assignment of error will, therefore, be overruled.

The second contention is that there was nothing in the evidence to indicate the mouse was not placed in the bottle after it left the hands of the appellant. It was shown, without contradiction, that when the bottles of coca cola were delivered to Mrs. Loudder at the Pritchard filling station, they were in the same condition as when they were received at the filling station from appellant. The evidence also showed that, when received from appellant, the bottles of coca cola were placed in a small room in the rear of the service station and that they were taken from the small room when they were delivered to Mrs. Loudder. Pritchard's daughters, who worked occasionally at the station, had access to the small room and possibly customers of the filling station were allowed to enter it on some occasions but there was no suggestion or intimation that any of them tampered with the bottles of coca cola nor any circumstance which indicated they might have done so. Moreover, J. D. Loudder opened the bottles the next day by the use of an ordinary hand-opener and the caps were pried off and lifted up in the ordinary manner of such a process. Loudder testified that he observed nothing wrong with the contaminated bottle at that time. The testimony was undisputed and, in our opinion, it was of sufficient probative force to warrant the order and judgment of the court overruling the plea of privilege.

Appellant invokes the rule that, under the doctrine of res ipsa loquitur, it must be shown that the instrumentality causing injury was wholly in the care and control of the defendant, or person charged with causing it, and that it had not been tampered with by some other person, citing Bonner v. Texas Co., 5 Cir., 89 F.2d 291, 292. The doctrine of res ipsa loquitur is a rule of evidence peculiar to the law of negligence. It is a qualification of the general rule that negligence is not to be presumed, but must be affirmatively proved.

As we understand the Decker case, supra, appellees are not relegated to the rule of res ipsa loquitur nor are they required to show negligence on the part of appellant. Many cases involving facts similar to those revealed here have been tried upon the theory of negligence, but, even in those cases it was held that the possession, care, or control referred to in the expressions of the courts in connection with the doctrine of res ipsa loquitur do not necessarily mean control of the injurious agency at the time of the injury but rather to its control at the time the act was committed which caused the injury. If it were otherwise, it would be a rare case indeed in which recovery could be had by injured persons of manufacturers in whose products deleterious and poisonous substances are placed. Goldman & Freiman Bottling Co. v. Sindell, 140 Md. 488, 117 A. 866; Rost v. Kee & Chapell Dairy Co., 216 Ill. App. 497; Roberts v. Anheuser-Busch Brewing Ass'n, 211 Mass. 449, 98 N.E. 95.

The facts which appellees were under the duty of proving upon the hearing were the venue facts. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. They controverted the plea of privilege by invoking exception 23 of Article 1995, R.C. S., Vernon's Ann.Civ.St. Art. 1995, subd. 23, which provides that a corporation may be sued in the county in which the cause of action or a part thereof arose. The venue facts consisted of proving a cause of action against the appellant and that the same or a part thereof arose in Randall County. Under the law as it is now established in this state, they established a cause of action when they alleged and proved that the coca cola consumed by Mrs. Loudder was contaminated; that she was injured by it; that it was manufactured by the appellant; and that, when it was purchased and consumed by her, its container was in the same condition as it was when it left the hands of appellant. There is no question that the cause of action, if any, arose in Randall County. In our opinion, therefore, the court did not err in overruling appellant's plea of privilege and its order to that effect will be affirmed.