**LONE STAR BREWING COMPANY,**
Appellant,

**v.**

**Lawrence JONES and wife, Allie Mae Jones,**
Appellees.

**No. 12835.**

Court of Civil Appeals of Texas.

San Antonio.

April 20, 1955.

Lewright, Dyer, Sorrell & Redford, Wayne W. Wilson, Corpus Christi, for appellant.

William D. Bonilla, Howard F. Sudduth, Corpus Christi, for appellee.

POPE, Justice.

This is a venue case and concerns Section 23 of Article 1995, Vernon's Ann.Civ. Stats. Lawrence Jones and wife sued Lone Star Brewing Company as the manufacturer and Bennie B. Johnson as retailer of a contaminated bottle of Lone Star Beer, which was purchased and consumed by plaintiff's wife in Nueces County. Plaintiffs claimed damages to Mrs. Jones by reason of consuming the impure product. Other venue sections are involved but Section 23 is controlling. Defendant brewing company sought to move the case to Bexar County, but the trial court held the venue in Nueces County.

Defendant urges that the trial court erred because the plaintiffs failed to prove the cause of action arose in Nueces County. Relying upon the elements of such venue actions against manufacturers, the brewing company states that the plaintiffs failed to prove, (1) that Lone Star Brewing Company was a corporation, (2) that it was a private corporation instead of a public corporation, (3) that it manufactured the product consumed, and (4) that the container of the product was in the same condition when consumed as it was when it left the hands of the manufacturer. Amarillo Coca-Cola Bottling Co. v. Loudder, Tex.Civ.App., 207 S.W.2d 632.

■ The judgment will be affirmed. Plaintiffs alleged the brewing company was a corporation. If the brewing company desired to place that capacity in issue it should have denied incorporation under oath. Rule 93, T.R.C.P.; Moore v. James, Tex.Civ.App., 242 S.W.2d 958, 959; Safety Convoy Co. v. Potts, Tex.Civ.App., 214 S.W.2d 680; 3 Tex.Jur.Supp., Corporations, § 398a. Instead of denying, the brewing company swore, in its plea of privilege, that it was a corporation. Plaintiffs proved the brewing company was a private and not a public corporation. They alleged and proved that Lone Star Brewing Company sold beer to the retailer who in turn sold it to the plaintiff. Article 1319 defines a public corporation as "one which has for its object the government of a portion of the State." The sale of beer falls short of that definition. We find no difficulty in holding that the sale of beer is in the realm of private free enterprise rather than the government of a portion of the State. Royal Credit Clothiers v. Phillips, Tex.Civ.App., 145 S.W.2d 1111. The brewing company argues that the court can not judicially know that the defendant is not a public corporation. If that were necessary we would judicially know that the sale of beer is not considered an object of government. However, the Liquor Control Act states who may be licensed for beer sales. It fails to put the government in the beer business. Article 667–3, Penal Code.

■ Plaintiffs proved prima facie that Lone Star Brewing Company was the manufacturer of the product consumed by Mrs. Jones. They proved that Mr. Jones ordered two bottles of the product on the occasion of the claimed injury, that the retailer took the bottles from the refrigerator with caps firmly attached, that the retailer took the tops off and handed the bottles to Jones, who in turn handed one bottle to his wife, who was outside in a car. Plaintiffs and the retailer testified that they were familiar with Lone Star Beer labels, and described the label as that of Lone Star Beer. The retailer testified that she bought the beer from the Lone Star Brewing Company. The Brewing Company argues that the evidence is as consistent with the idea that it is a wholesaler or middleman as that it is the manufacturer. The descriptive word "Brewing," carried in the name, dispels that idea. "Brew" and "manufacture" are used synonymously in the Liquor Control Act, Art. 667–8, Penal Code. See, also, Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 279, 31 L.Ed. 205.

■ The testimony of the retailer, that she bought the beer from the Lone Star Brewing Company, the fact that she took off the cap which was firmly attached, and the events which followed, constituted a prima facie unbroken link from the manufacturer to the consumer.

The judgment is affirmed.