**TEAGUE BRICK COMPANY, Appellant,**

v.

**LEON O'REAR, INC., et al., Appellees.**

No. 16113.

Court of Civil Appeals of Texas.

Fort Worth.

June 3, 1960.

W. A. Keils, Jr., Teague, Mixson & Haley, and W. C. Haley, Waco, for appellant.

Harris & Ball and Chester G. Ball, Arlington, for appellees.

MASSEY, Chief Justice.

From a judgment overruling its plea of privilege the defendant appealed.

. Reversed. Case ordered transferred.

Some quite interesting elements were injected into the case in that the appellee, Leon O'Rear, Inc., plaintiff in the trial court, seems to have decided that there actually is no Teague Brick Company, a corporation, as alleged by it, but that there are two corporations having a near identical name, to wit: Teague Brick and Tile Company and Teague Brick Sales Company. In view of the fact that a plea of privilege was filed by the named defendant, Teague Brick Company, wherein there was no verified denial either that there was a defect of parties, plaintiff or defendant, or that said Company was a corporation as alleged, we are obliged to consider the situation as one wherein there actually is a corporation with the name Teague Brick Company. Texas Rules of Civil Procedure, rules 86 and 93; Clark's Venue in Civil Actions, p. 214, "The Plea of Privilege", Ch. 34, Sec. 3, "Effect of the Plea of Privilege".

During the course of the hearing of the case in the trial court, such proof as was introduced related to a contract entered into between said plaintiff and the Teague Brick Sales Company, a corporation, which was allegedly later breached. The plaintiff was obviously proceeding in the trial upon the contention that it was entitled to hold venue in Wichita County as a county in which a contract was breached by the defendant, a private corporation, because of the provisions of Subdivision 23 of Art. 1995, Vernon's Annotated Civil Statutes of Texas. Despite the state of the evidence indicating that it was probable not only that Teague Brick Sales Company was the proper defendant, but that it was perhaps in fact the company actually sued and probably had submitted itself to the jurisdiction of the trial court, the plaintiff never at any time sought to

amend the pleadings in the case, even prior to the time judgment was entered more than a month after the date of the trial,— nor thereafter up until the trial court lost its jurisdiction upon this court's jurisdiction wholly attaching pursuant to appellate procedure. It has been said that such an amendment might be proper and permitted by a trial court in the exercise of its discretion in proper instances, so that any necessary correction might be made in the name of a party over which the trial court's jurisdiction was truly attached. 39 Am.Jur., p. 1001, et seq., "Parties", sec. 123, "Generally", sec. 124, "Correcting Mistake in Name", and sec. 125, "—Of Corporation, Association, or Partnership". Having refrained from requesting such action in the trial court the plaintiff has waived any right he otherwise might have had to do so, and we, as an appellate court, are obliged to presume that there has been no mistake or misnomer.

■ The state of the evidence in the record before us is such that we must hold that the Teague Brick Company, the named defendant, never entered into contractual relationship with the plaintiff as applied to the contract declared upon by said plaintiff, and because of the alleged breach of which in Wichita County the plaintiff sought to hold venue therein as a county in which the cause of action, or a part thereof, arose. This the plaintiff would be required to establish upon the hearing as a part of the burden of proof to be discharged if it would show itself entitled to try the merits of the case in Wichita County. Clark's Venue in Civil Actions, p. 130, "Corporations and Associations", Sec. 9, "Proof Necessary to Sustain Venue in the County Where the Cause of Action or a Part Thereof Arose."

In view of plaintiff's failure to make out a prima facie case under Subdivision 23 of Art. 1995, as aforesaid, and which was made the premise of the Teague Brick Company's first point of error, said defendant was entitled to have an order entered transferring the suit to the District Court of Freestone County, Texas.

We reverse the judgment of the trial court and herein render judgment sustaining the plea of privilege of Teague Brick Company and order venue changed to the District Court of Freestone County, Texas.