Howard CRUSAN

v.

**ALUMINUM COMPANY OF AMERICA.**

Civ. No. 4867.

United States District Court
E. D. Texas,
Beaumont Division.

Aug. 31, 1965.

Woodson E. Dryden, Everett B. Lord, Beaumont, Tex., for plaintiff.

Robert E. Barnes, Barnes & Barnes, Beaumont, Tex., for defendant.

FISHER, District Judge.

This is a products liability suit (pie pan) brought by the Plaintiff for damages sustained by his wife.

The undisputed facts are rather simple. The question is whether the law can be interpreted so as to permit recovery by the Plaintiff under the facts.

Mrs. Crusan, a wheel-chair invalid, baked an apple pie the first week in October of 1963 in an aluminum foil pie pan manufactured and sold by the Defendant. While Mrs. Crusan was in the process of removing the pie pan from the oven, holding the pan by the lip or sides with both hands, the pan collapsed by folding together causing the hot contents to spill on her left foot and right hand burning her severely and causing excruciating pain necessitating medical treatment for several weeks.

The Plaintiff contends that the pie pan was not fit for the purpose for which it was intended, towit, baking a pie; and, therefore, the Defendant breached its warranty and was liable in damages for the injuries suffered by Mrs. Crusan.

The Defendant contends that the pie pan was suitable for the use for which it was intended; that there was no defect in the pie pan in question and that

Mrs. Crusan handled the pie pan in a negligent manner causing it to collapse.

The Court having considered the pleadings, all evidence offered by both parties, and briefs filed by counsel, is of the opinion that judgment should be rendered for the Plaintiff.

■ The Court finds from a preponderance of the evidence that the Defendant was legally responsible for the manufacture and sale of the pie pan in question; that Mrs. Crusan did attempt to bake a pie in the pan in question and that she was in nowise negligent in the manner in which she handled the pie pan, in fact her conduct in this regard was the same as that testified to by the Supervisor of Kitchens for Defendant as being the approved method for holding such a pie pan; that the pie pan in question was defective; that the pie pan in question was not suitable for the purpose for which it was intended, towit, "baking a pie".

This brings us to the law question of whether "privity of contract" is required for the Plaintiff to recover for the breach of warranty?

The Texas Supreme Court and lower appellate courts have consistently held that "privity of contract" is unnecessary in all cases involving food consumption on the basis of Public Policy.[1]

The Fifth Circuit in the recent case of Putman v. Erie City Manufacturing Co., 338 F.2d 911 (1964), held privity unnecessary in a wheel chair case tried in the Northern District of Texas on the basis that the chair was defective and unreasonably dangerous, and Judge Wisdom writing the unanimous opinion for the learned panel of Judges Brown, Wisdom and Bell, said at page 912:

"Making an Erie educated guess, we hold: Today, the Supreme Court of Tex-

as would follow Decker to its logical conclusion and rule that a manufacturer or assembler of a defective product, unreasonably dangerous to the user, is subject to strict liability to the user for an injury caused by the defect, even though the product is not a food for human consumption, there is no proof of negligence, and there is no privity between the user and the manufacturer or assembler."

Thus in the "pie pan" case we are caught between the existing Texas Law requiring privity in all but food cases and the Putman decision of the Fifth Circuit holding privity unnecessary in a case involving a defective product unreasonably dangerous.

Based on the Fifth Circuit Putman case it seems to be logical to hold that the defective pie pan is a product unreasonably dangerous, perhaps not as dangerous as the wheel chair, but this is a matter of degree, and the wheel chair like the pie pan in question is not dangerous unless used.

■ Further, even if it can be said that the pie pan in question was not defective and was not unreasonably dangerous in its use, this Court is of the opinion that strict liability on the basis of public policy [2] should be applied and privity not required because to so hold is a reasonable, logical and natural development of the doctrine courageously adopted by the Supreme Court and Appellate Courts of Texas in the Decker and other food consumption cases.

■ Having found liability against the defendant we feel that $3,750.00 damages for medical expenses and for the pain and suffering, past and future, endured by Mrs. Crusan is a very conservative award and Judgment will accordingly be entered for the Plaintiff in this amount.

1. Decker & Sons, Inc. v. Capps, 1942, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479. See Coca-Cola Bottling Co. of Fort Worth v. Burgess, Tex.Civ.App. 1946, 195 S.W.2d 379; Amarillo Coca-Cola Bottling Co. v. Loudder, Tex.Civ. App.1947, 207 S.W.2d 632; Sweeney v.

Cain, Tex.Civ.App.1951, 243 S.W.2d 874 (no writ history) ; Campbell Soup Co. v. Ryan, Tex.Civ.App.1959, 328 S.W.2d 821; Athens Canning Co. v. Ballard, Tex.Civ. App.1963, 365 S.W.2d 369.

2. Food consumption cases. Supra.