**MAUPIN CONSTRUCTION COMPANY, Appellant,**

v.

**Martin SHIELDS et al., Appellees.**

No. 4691.

Court of Civil Appeals of Texas.

Waco.

March 14, 1968.

L. W. Anderson, Dallas, for appellant.

Thomas B. Bartlett, Jr., Jack Welch, Marlin, for appellees.

## OPINION

WILSON, Justice.

Appellant's plea of privilege was overruled in a hearing before the court under plaintiffs' controverting plea alleging subdivisions 9, 9a, 14 and 23 of Article 1995, Vernon's Ann.Civ.Stat. as exceptions to exclusive venue in the county of defendant's residence.

Appellant urges reversal because plaintiffs alleged it was a corporation, whereas the proof showed it was a partnership. Appellant filed no verified denial that it was a corporation. Rule 86, Texas Rules of Civil Procedure, provides that a plea of privilege will not constitute a denial under oath of a plaintiff's allegations required by Rule 93 to be denied under oath, as is the denial that defendant is incorporated. The point is overruled. Teague Brick Co. v. Leon O'Rear, Inc., Tex.Civ. App., 336 S.W.2d 310; Lone Star Brewing Company v. Jones, Tex.Civ.App., 278 S.W. 2d 464; Houston Milling Co. v. Carlock, Tex.Civ.App., 183 S.W.2d 1013; Barber v. Port City State Bank, Tex.Civ.App., 269 S.W.2d 690.

Complaint is made that the court erred in its "conclusions of law" that venue was sustainable under subdivisions 9 and 9a of Art. 1995 because "the proper venue facts were not stated in the findings of fact." The argument is that the findings were called "conclusions of law." The contentions are untenable: (1) No request was made by defendant for additional findings; (2) The fact that actual findings of fact are called "conclusions", as here, will not alter their status as findings. Durham v. Fort Worth Tent & Awning Co., Tex.Civ. App., 271 S.W.2d 181, 184, writ dism.; Shirey v. Albright, Tex.Civ.App., 404 S.W. 2d 152, 157, writ ref. n. r. e.; (3) Venue is sustainable under subdivision 14 under the undisputed record.

It is not necessary to pass on other points.

Affirmed.