**Alfred W. WRIGHT, Appellant,**

v.

**EWENS CHEVROLET–PONTIAC–BUICK CO., Inc., Appellee.**

No. 619.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 10, 1972.

Rehearing Denied May 31, 1972.

Warren Conner, Charles D. Houston, Conner & Odom, Sealy, for appellant.

Hulon C. Hall, Houston, for appellee.

TUNKS, Chief Justice.

Cliff Ewens filed suit in the District Court of Austin County, Texas, against Alfred E. Wright to recover on an alleged debt. After some preliminary proceedings the trial of the case before a jury started on July 6, 1971. During the course of the trial the plaintiff offered in evidence some documents to prove the debt. The defendant objected to the admissibility of the documents because they showed the debt

to be owed to Ewens Chevrolet—Pontiac—Buick Co., rather than to Ewens. Thereupon the plaintiff requested and was granted leave to file a trial amendment substituting the name of the company, a corporation, as plaintiff in the petition instead of the individual, Ewens. The attorney for the defendant, Wright, objected to the court's grant of leave to so amend, but did not ask for a postponement of the trial. Nor did the defendant request leave or otherwise attempt to amend his answer. Instead, the trial continued. The rest of the evidence was heard and the case was submitted to the jury. The jury found the defendant to be indebted to the plaintiff in the amount of $500.00. On September 23, 1971, judgment on the verdict was rendered in favor of the plaintiff, Ewens Chevrolet—Pontiac—Buick Co. On September 28, 1971, the defendant filed a motion for new trial on the ground that the corporation named as plaintiff and in whose behalf the judgment had been rendered had ceased to exist before the trial was begun. Attached to such motion was a certificate from the office of the Secretary of State showing that the right of Ewens Chevrolet—Pontiac—Buick Co. to do business was forfeited on October 19, 1970, and its charter forfeited on April 9, 1971, for failure to file a franchise tax report and failure to renew its right to do business. Such certificate was dated September 24, 1971. The motion for new trial was overruled and appeal was perfected.

No statement of facts was filed. There was filed what is designated "Excerpts of Testimony". It contains only a transcription of plaintiff's oral motion to file the trial amendment and the defendant's objection thereto. The facts recited herein were gathered from the unchallenged statements in appellant's brief and from the transcript.

The appellant's brief presents two basic contentions. The first is that the record shows fundamental error in that the substitution of a new plaintiff amounted to the filing of a new law suit and the defendant was never served with citation in that new suit. The second is that the trial court erred in rendering judgment for Ewens Chevrolet—Pontiac—Buick Co., a corporation, because no such entity had legal existence at the time of the trial and judgment.

█ The points of error presenting appellant's first contention are overruled. The authorities cited by appellant in support of those points hold that an amendment which effects a complete change in the plaintiffs or plaintiff constitutes a new suit. They do not hold, however, that in such case the plaintiff may not recover a valid judgment without a new service of citation if the defendant waives such service by answering the amended pleading or otherwise enters his appearance in response thereto. In this case, so far as the record shows, the defendant voluntarily continued to participate in the trial and presented his defense after the trial amendment stating the new cause of action was filed. He did not seek to withdraw from such participation nor otherwise raise a question as to the court's authority to exercise its jurisdiction over the case. Under those circumstances he entered his appearance in the suit that was plead by the trial amendment, waived service of citation therein and submitted himself to the court's jurisdiction to try it. Tex.R. Civ.P. 120; 2 McDonald, Texas Civil Practice, secs. 9.03 and 9.04 (1970).

The appellant's second contention presents a peculiar problem. It appears that the legal entity named in the judgment as the prevailing party did not, in fact, have any legal existence at the time of the judgment. Nor did such alleged entity have any legal existence at the time it purportedly acted as plaintiff during the time of the filing and trial of its alleged cause of action. A corporation is an existing entity separate and distinct from its owners, its shareholders. It is an entity which has existence, however, by virtue of the law and only in the contemplation of

the law. The sovereignty, having enabled the corporate entity to be created, gives it the capacity to sue and to be sued, as codified in Tex.Bus.Corp.Act Ann. art. 2.02, subd. A(2) (1955). The law also provides for the suspension or termination of a corporation's capacity to sue or defend itself in court upon its failure timely to report and pay its franchise tax. Tex. Tax.-Gen. Ann. arts. 12.14 & 12.15 (1959). Pursuant to these statutes Ewens Chevrolet—Pontiac—Buick Co. lost its capacity to sue or defend on October 19, 1970. Upon the corporation's continued failure to report and pay its franchise tax Tex. Tax.-Gen. Ann. art. 12.17 provides that its legal existence may be terminated by administrative order of the Secretary of State forfeiting its charter. That occurred to Ewens Chevrolet—Pontiac—Buick Co. on April 9, 1971. Thus in this case we have judgment rendered in favor of a purported plaintiff that did not exist.

■ The non-existence of the purported plaintiff named in the trial amendment was, obviously, a complete defense to the cause of action asserted in its behalf. But Tex.R.Civ.P. 93(g) requires that a pleading "That any party alleged in any pleading to be a corporation is not incorporated as alleged" be verified. No such pleading was made by the defendant in this case. The valid corporate status of the plaintiff and its capacity to sue could not be questioned in the absence of such a plea. Teague Brick Company v. Leon O'Rear, Inc., 336 S.W.2d 310 (Tex.Civ.App.-Fort Worth 1960, no writ); Lone Star Brewing Company v. Jones, 278 S.W.2d 464 (Tex. Civ.App.-San Antonio 1955, no writ); Bradford v. Magnolia Pipe Line Co., 262 S.W.2d 242 (Tex.Civ.App.-Eastland 1953, no writ). In the Teague Brick Company it appears that a judgment sustaining a plea of privilege was rendered in behalf of a non-existent corporation.

■ As noted above, no statement of facts was filed in this appeal. Even if it be assumed that the question of the plaintiff's corporate existence was properly raised to the trial court and its non-existence shown, it does not necessarily follow that a judgment in its name was either void or erroneous. In Texas Mach. & Equip. Co. v. Gordon Knox Oil and Exp. Co., 442 S.W.2d 315 (Tex.Sup.1969) a corporation assigned all of its assets to others. Later the assignor corporation's charter was forfeited. Included among the assets assigned was a judgment in the name of the assignor. After the assignor's charter had been forfeited, the assignees instituted a garnishment proceeding in the name of the corporate assignor. Default judgment was taken against the garnishee. The judgment was held valid despite the fact that the named garnishor was non-existent at the time of the order of garnishment in its name. It was held that the assignees properly maintained the action in the name of their assignor even though it was non-existent. In the absence of any statement of facts the appellant has not demonstrated that this suit was not properly presented in the name of Ewens Chevrolet—Pontiac—Buick Co., even if it was defunct as a corporation.

We have examined the plaintiff's motion for new trial to see if it could be construed as having properly stated as a ground for new trial that the forfeiture of the plaintiff's charter was newly discovered evidence. It did not. There is no representation made that the defendant did not know of the evidence at the time of the trial.

There are a number of questions of law involved in this unusual situation. There is a question as to whether execution can be issued in the name of Ewens Chevrolet —Pontiac—Buick Co. if it has neither any legal existence nor any valid assignee. There is a question as to whether this defendant could prevail in a bill of review. Those and other questions are not presented to this Court in this proceeding.

The judgment of the trial court is affirmed.