**Reverse and Render; Opinion Filed June 18, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-17-00098-CV

**CHARLES JONES, Appellant/Cross-Appellee**
**V.**
**JAMES P. NEILL, Appellee/Cross-Appellant**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-12-2015**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Evans

In August 2011, a post-answer default judgment was rendered against James P. Neill and in favor of Charles Jones for $2,029,518. Neill filed this petition for bill of review in December 2012 seeking to set aside the default judgment, alleging he never received notice of the trial date or default judgment in the underlying case. Although the trial court found Neill negligent in failing to inform his attorney and the court of his current address, it granted the bill of review and set aside the default judgment. The trial court then tried the underlying case before the court sitting without a jury and rendered judgment in Jones's favor and against Neill for $26,900 plus attorney's fees.

In three issues, Jones generally complains the trial court abused its discretion in setting aside the original judgment on bill of review because Neill's negligence caused his lack of notice of the trial date/default judgment in the underlying case. In his cross-appeal, Neill presents two issues challenging (1) the trial court's denial of his motion to set aside his deemed admissions in

the underlying case, and (2) the legal and factual sufficiency of the evidence to support the trial court's judgment on retrial. Because we conclude the trial court abused its discretion in granting the petition for bill of review after finding Neill was negligent in failing to inform his counsel and the court of his current address, we reverse the trial court's judgment and render judgment denying the bill of review, vacating the trial court's final judgment of October 31, 2016, and reinstating the 2011 default judgment.

## BACKGROUND

The original lawsuit underlying this bill of review was filed in August 2006 by Neill, an attorney representing himself pro se. In the suit, Neill asserted various causes of action against Jones after a dispute arose regarding an agreement the two had to develop and operate a recreational park and activities on Neill's property. Jones answered the lawsuit and filed a counterclaim against Neill. Neill later retained attorney David M. Stagner to represent him in the case. Stagner filed a notice of appearance on Neill's behalf in March 2007. The parties subsequently entered into a rule 11[1] agreement to reset currently scheduled hearing dates on outstanding motions to a date agreeable to both parties. Apparently, no activity occurred in the case until four years later, in May 2011, when the court notified the parties the case would be dismissed for lack of prosecution.

The parties' attorneys filed a joint motion to retain the case on the docket stating neither attorney was successful in his attempts to reach his respective client. Before the joint motion was heard, however, the trial court signed an order setting the final pre-trial hearing for July 27, 2011 and scheduling the trial for August 1, 2011. Stagner then moved to withdraw as Neill's attorney asserting his various attempts to locate and communicate with Neill were unsuccessful. The trial court granted Stagner's motion to withdraw shortly before the scheduled trial date.

---

[1] Texas Rule of Civil Procedure 11

On August 1, 2011, Jones and his attorney appeared for trial and Neill did not appear. The trial court signed a judgment awarding Jones $2,029,518 plus attorney's fees on his counterclaim. Jones's attorney filed a certificate of last known address with the court listing Neill's last known address as 87 Dogwood, Mead, Oklahoma 73449.

At the bill of review hearing in January 2013, there was extensive evidence regarding Neill's various addresses during the several years the underlying case was pending. When Neill first filed the case pro se, he listed his address as P.O. Box 2328 Pottsboro, Texas. In 2007, however, he filed a Plaintiff's Notice of Change of Address to 87 Dogwood Lane, Mead, Oklahoma 73449. The Clerk's Register of Actions, however, listed Neill's address as 87 *Dogweed* Lane, Mead, Oklahoma 73449.[2]

Neill's wife Judy testified at the hearing. She stated that she moved into the house in Mead, Oklahoma in 1980 and two or three years later, was given notice in the mail by the post office that the address was 87 Dogwood Lane.[3] She continued to use 87 Dogwood Lane as her address even after she was advised the emergency responders' address for the home was on Shady Point. She also testified she was never officially notified that the post office had changed her address from 87 Dogwood Lane to 83 Shady Point and only learned of it after this case arose.

She further testified that after retiring in 2005, she and Neill bought a boat and sailed around from 2006 through 2011, using the house in Mead as a base to come back to and that her son was authorized to accept mail for her and Neill at 87 Dogwood Lane. She would talk to her son once or twice a week. She indicated that until this lawsuit arose, she had no idea that 83 Shady Point was the post office address for her house.

---

[2] In the trial court, Neill suggested his lack of notice of the default judgment was because Neill's address on the trial court's register incorrectly listed Neill's address as "87 Dogweed" rather than 87 Dogwood.

[3] The house originally had a rural route mailing address.

Neill testified he never received notice of the trial setting or default judgment. He further claimed he had no reason to doubt the validity of the Dogwood address he had given Stagner and the court in 2007. Neill stated that he currently lived at 721 Bunker's Cove, Panama City, Florida. It was undisputed that Neill was not living at 87 Dogwood Lane at the time of the original trial notice and resulting default judgment. Neill admitted that by the end of 2010, he provided both the Grayson County Appraisal District and the Bryan County Appraisal District with an address of 721 Bunker's Cove, Panama City, Florida.

There was evidence, however, that Neill's stepson lived at 87 Dogwood during 2011 and 2012. The stepson's affidavit stated he was instructed to collect mail for Neill during this time. His stepson further stated no mail for Neill came to 87 Dogwood Lane from any lawyer, court, or court clerk during 2011 and 2012. Additionally, the stepson stated that in January 2012, the mail carrier advised him that "sometime back" the post office in Mead had changed the address on the home to 83 Shady Point, Mead, Oklahoma.

Neill also admitted into evidence the affidavit of Lindsey Brown, a deputy district clerk in Grayson County. In the affidavit, Brown indicated after the 2011 judgment was signed, she mailed it with a Notice of Judgment to the address for Neill maintained in the clerk's record: 87 *Dogweed* Lane, Mead, Oklahoma, 73449, as reflected in the electronic docket sheet. At the hearing, however, Brown testified that, per protocol, she would have sent a notice of judgment to the address listed on the certificate of last known address, which was 87 *Dogwood* Lane, Mead, Oklahoma 73449. She further testified that the notice of judgment was not returned from the U.S. Postal Service. She stated she did not agree with her prior affidavit and that she signed it without reading it after District Clerk Kelly Ashmore approved the final version. Ashmore testified that Brown told her the affidavit needed to state the address the notice of judgment was sent to as 87 Dogwood Lane and not 87 Dogweed Lane. Ashmore told the attorney preparing the affidavit to

–4–

make that change and a couple of other things. After the attorney represented he made the changes requested, she authorized Brown to sign it.

Joe Barrett, director for the ambulance service in Bryan County, also testified at the hearing. He stated his records for 911 addressing do not show an existing address for 87 Dogwood Lane. Contrary to Judy's testimony, he testified that Judy Speck[4] requested a change of address from 87 Dogwood to 83 Shady Point and that was assigned in August 2004.

Finally, Bryan County District Attorney Emily Redman testified her office had been collecting restitution on behalf of Judy since 2007 and forwarded payments to her at Route 1, Box 103C, Mead, Oklahoma, 73449 until April 2011 when Judy notified the office that her address changed to 721 Bunkers Cove Road, Panama City, Florida 32401.

Also admitted into evidence were portions of the deposition transcript of Calvin Carroll, U.S. Postmaster for Mead, Oklahoma from 2010 through July 2012. He testified the change from existing rural route mailing addresses to the 911 addresses occurred before he became postmaster. He indicated although the 87 Dogwood Lane address came about as part of the 911 addressing implementation, it became an invalid address prior to his time at Mead. Carroll understood the address changed from 87 Dogwood to 83 Shady Point because the house was not situated on Dogwood. Finally, he stated that if the post office receives a letter with an address that doesn't exist, it might be delivered to Mead in a reject tray where, it may or may not be delivered. Carrol indicated it could also be returned to sender.

After hearing the evidence the trial court granted the bill of review and set aside the default judgment. Subsequently, he signed findings of fact and conclusions of law that included the following: (1) the notice of judgment was sent to 87 Dogwood, Mead Oklahoma 73449, (2) Neill was negligent in his failure to communicate with his counsel, (3) Neill was negligent in his failure

---

[4] Neill's wife. The couple married in December 2004.

to inform his counsel of his current address, and (4) Neill was negligent in his failure to inform the Court of his current address.[5]  The trial court also concluded, however, that when a bill of review petitioner claims lack of service, the court does not inquire as to whether there was any negligence on his part in failing to receive service.[6]

## ANALYSIS

In his first issue, Jones asserts the trial court abused its discretion in granting the bill of review after the trial court found Neill was negligent in failing to communicate with his counsel, and failing to inform his counsel and the court of his current address.  Neill argues that because he proved he never received notice of the trial setting or default judgment, he was not required to establish his failure to receive notice "was unmixed with any fault or negligence on his part" and the trial court did not abuse its discretion in granting the bill of review.

We review the trial court's ruling on a bill of review for an abuse of discretion.  *See Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied).  Every presumption is indulged in favor of the court's ruling which will not be disturbed unless the trial court has acted in an unreasonable or arbitrary manner or without reference to any guiding rules or principles.  *See Saint*, 416 S.W.3d at 100.  Moreover, legal and factual sufficiency of the evidence are not independent grounds of error, but are merely factors to be assessed in determining if the trial court abused its discretion.  *See id.*at 111.  Even though a bill of review is an equitable proceeding, the

---

[5] Although the negligence findings were listed under "Conclusions of Law," that will not alter their status as findings.  *See Maupin Const. Co. v. Shields*, 426 S.W.2d 663, 664 (Tex. Civ. App. Waco 1968, no writ).

[6] On June 28, 2013, we denied Jones's petition for writ of mandamus challenging the trial court's granting of the bill of review.  *See In re Jones*, No. 05-13-00782-CV, 2013 WL 3354001 (Tex. App.—Dallas June 28, 2013, orig. proceeding) (mem.op.).  In July 2014, we dismissed Jones's petition for permissive interlocutory appeal concluding no substantial difference of opinion existed regarding the controlling question of law in this case.  *See Jones v. Neil*, No. 05-14-00617-CV, 2014 WL 3605747, at *1 (Tex. App.—Dallas July 21, 2014, no pet.) (citing *Saint v. Bledsoe*, 416 S.W.3d 98, 102 (Tex. App.—Texarkana 2013, no pet.) (concluding bill of review plaintiffs claiming non-service are relieved of first two elements of bill of review but still must prove that judgment was rendered unmixed with any fault or negligence by the bill-of-review plaintiff)).

fact that an injustice occurred is insufficient to justify relief by bill of review. *Wembley Inv. Co.*

*Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam).

Generally, the party petitioning for a bill of review must plead and prove (1) a meritorious

defense to the underlying cause of action, (2) that the party was prevented from making by the

fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any

fault or negligence on its own part. *See Mabon Ltd. v. Afri-Carib Enters.*, *Inc*., 369 S.W.3d 809,

812 (Tex. 2012) (per curiam).

When a bill of review plaintiff alleges it was not served with process, however, it is relieved

from establishing the first two bill of review elements set forth above and the third element, lack

of negligence is conclusively established if the bill of review plaintiff can prove it was never served

with process. *See Mabon*, 369 S.W.3d at 812 (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex.

2004) (per curiam)). The articulated rationale for this rule is that an individual who is not served

with process cannot be at fault or negligent in allowing a default judgment to be rendered. *See*

*Caldwell*, 154 S.W.3d at 97. However, different rules apply in situations where the bill of review

plaintiffs are properly served with process. *See Saint*, 416 S.W.3d at 103.

When a bill of review plaintiff that has been served with process claims lack of notice of a

trial setting or default judgment, he is likewise relieved of proving that he had meritorious defense

he was prevented from making by fraud, accident or wrongful act of opposing party or official

mistake. *See Katy Venture, Ltd. v. Cremona Bistro Corp*., 469 S.W.3d 160, 163 (Tex. 2015) (per

curiam); *Mabon*, 369 S.W.3d at 812. But, contrary to Neill's contention, he must still prove that

his own fault or negligence did not contribute to cause the lack of notice. *See Katy Venture*, 469

S.W.3d at 163 (citing *Mabon*, 369 S.W.3d at 812).

Section 30.15 of the civil practice and remedies code requires each party who has appeared

or answered in a civil action filed in a district court to provide the court clerk with written notice

of the party's name and current address or business address. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.015(a) (West 2015). If the party's address changes during the course of a civil action, the party or the party's attorney must provide the court clerk with written notice of the party's new address. *See id*. at § 30.015(d). Under its unambiguous language, this statute required Neill to provide the court with his new address. *See Marathon Petroleum Co., LP v. Cherry Moving Co., Inc.*, No. 14-16-00634-CV, 2018 WL 2012349, at *8 (Tex. App.—Houston [14th Dist.] May 1, 2018, no pet. h.).

There was evidence that by the end of 2010, Neill had provided his Florida address to several governmental entities, but did not provide the new address to the court or to his attorney. According to Neill, he never provided the Florida address to the court or clerk's office in the underlying case because he had retained counsel to represent him and his stepson was living at the Dogwood Lane address to receive mail sent to him there. However, Neill never provided his attorney with his current Florida address and there was evidence the Dogwood address may not have been a valid mailing address at the time Stagner attempted to contact him about the impending trial date and at the time of the notice of default judgment was mailed.

Neill invoked the jurisdiction of the court by filing the underlying suit, and then failed to give the court or his attorney notice of his current address. Even assuming the notice of default judgment was not received due to the clerk's use of "87 Dogweed" rather than "87 Dogwood" Neill's negligence contributed to his not receiving notice by failing to advise the court and his attorney of his current address by the end of 2010 as he had done with the county appraisal districts. Thus, there is some evidence to support the trial court's finding of negligence on the part of Neill. Because Neill's alleged lack of notice is at least partly his own fault, there is no due process issue as in *Caldwell II or Mabon Ltd*. *See Saint*, 416 S.W.3d at 107. The trial court therefore abused its discretion in granting the bill of review after finding Neill was negligent in failing to provide his

counsel and the court with a current address. *See Katy Venture*, 469 S.W.3d at 163. Accordingly, we resolve Jones's first issue in his favor. Our resolution of this issue makes it unnecessary to address Jones's remaining issues or Neill's cross issues challenging the trial court's final judgment on retrial.

## CONCLUSION

On the record of this case, we conclude the trial court abused its discretion in granting Neill's petition for bill of review. Accordingly, we reverse the judgment of the trial court granting the bill of review and render judgment denying the bill of review, vacating the trial court's final judgment of October 31, 2016, and reinstating the August 2, 2011 default judgment rendered in cause number 06-1481-59.


/David Evans/
DAVID EVANS
JUSTICE


170098F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES JONES, Appellant/Cross-Appellee

No. 05-17-00098-CV V.

JAMES P. NEILL, Appellee/Cross-Appellant

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. CV-12-2015.
Opinion delivered by Justice Evans, Chief Justice Wright and Justice Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED.** We **RENDER** judgment denying Neill's petition for bill of review, vacating the trial court's final judgment of October 31, 2016, and reinstating the August 2, 2011 default judgment in cause number 06-1481-59.

It is **ORDERED** that appellant/cross-appellee Charles Jones recover his costs of this appeal from appellee/cross-appellant James P. Neill.

Judgment entered this 18th day of June, 2018.