Opinion issued March 12, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00829-CV

_____

## CHRISTOPHER A. SKIDMORE, ANNE GOETTEE SKIDMORE, CATHERINE GOETTE ECHOLS AND SKIDMORE HOMES, INC., Appellants

## V.

## GREMILLION & CO. FINE ART, INC., Appellee

On Appeal from the 157th District Court
Harris County, Texas
Trial Court Case No. 2018-22505

## MEMORANDUM OPINION

Appellants, Christopher A. Skidmore, Anne Goettee Skidmore, Catherine Goette Echols, and Skidmore Homes, Inc., bring this interlocutory appeal to challenge the trial court's order denying their motion to dismiss Gremillion & Co.

Fine Art, Inc.'s claims pursuant to the Texas Citizens' Participation Act (TCPA).[1] The trial court denied Gremillion's motion on the basis that it was not timely filed. In two issues, Appellants contend (1) the motion to dismiss was timely, and (2) Gremillion's claims fall within the scope of the TCPA. Because we conclude that the trial court did not err in determining that Appellants' TCPA motion was untimely, we affirm.

## Background

Gremillion is a Houston art gallery and art services provider. It represents artists in promoting and selling their work, and it provides art consulting services to designers and interior decorators.

For 30 years, Christopher A. Skidmore worked as Gremillion's gallery director. He left the gallery's employment in March 2018. Christopher's wife, Anne, operates Skidmore Homes, a provider of interior design services. Anne's sister, Catherine Goettee Echols, also provides interior design and decorating services through her own businesses.

On April 4, 2018, Gremillion filed suit against Christopher Skidmore, Anne Skidmore, Cathy Echols, and Skidmore Homes. Among its allegations, Gremillion alleged that Christopher's position with Gremillion had given him access to

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss filed under TCPA).

2

Gremillion's confidential and proprietary business information. Gremillion claimed that Christopher misappropriated its proprietary information to use for his own benefit. Gremillion asserted that Christopher had also disclosed the proprietary information to Anne, Catherine, and Skidmore Homes, who had or will use Gremillion's proprietary information to benefit themselves.

Gremillion alleged that Christopher had violated his fiduciary duties by providing art-related services to Gremillion's clients and directing the payment for those services to be made to himself or to the other defendants' businesses. Gremillion alleged that the defendants remain in possession of its proprietary information and have demonstrated a willingness to continue to use the information to compete with Gremillion for the defendants' own benefit.

Gremillion sued Christopher for breach of fiduciary duty and sued the other defendants for aiding and abetting the breach. Gremillion asserted a claim against all four defendants for conversion and alleged that they had violated the Texas Theft Liability Act and the Texas Uniform Trade Secrets Act. Gremillion sought damages as well as temporary and permanent injunctive relief, including a temporary restraining order (TRO).

It is undisputed that Gremillion never served defendants with process. It is also undisputed that, two days after Gremillion filed suit, attorneys for Gremillion, Christopher, Catherine, and Skidmore Homes appeared in court for a hearing on

3

Gremillion's TRO application. The docket sheet reflects that the parties "entered into an Agreed Order" regarding the TRO. The court's "Order Granting [Gremillion's] Application for Temporary Restraining Order" was signed as "agreed" by the parties' attorneys that had appeared at the hearing.

The trial court extended the agreed TRO twice, once in mid-April and again in early May 2018. The defendants agreed to the extensions with counsel for all defendants signing the extension orders indicating agreement.

On May 8, 2018, the trial court held an evidentiary hearing on Gremillion's application for temporary injunction. The trial court signed an order on the temporary injunction in early July 2018.

On July 20, 2018, Christopher, Anne, and Skidmore Homes answered Gremillion's suit. That same day, they and Catherine filed a joint motion to dismiss Gremillion's claims based on the TCPA.[2] Five days later, Catherine filed her answer to the suit.

Gremillion responded to the TCPA motion, asserting that the motion was not timely filed. Gremillion pointed out that TCPA section 27.003(b) requires that a

---

[2]     *See id.* § 27.005 (providing right to dismissal after meeting certain statutory conditions required to justify dismissal of action under TCPA).

motion to dismiss be filed within 60 days of service of the legal action.[3]  Gremillion claimed that the defendants had not met this deadline.

Gremillion averred that it had not served the defendants because each defendant had made an appearance in court on either April 6 or 18.  Gremillion claimed that "[t]hose appearances started the 60-day clock under the TCPA," making the TCPA motion due in early to mid-June, depending on the defendant.  Gremillion claimed that, as a result, the defendants' July 20 motion was more than 30 days late.

The defendants responded, asserting that their TCPA motion to dismiss was timely filed.  The defendants did not dispute that they had made general appearances in the trial court before they filed their answers and before they filed their TCPA motion.  They also did not dispute that the TCPA motion was filed more than 60 days after they had generally appeared.  Instead, they claimed that "a general appearance is not equivalent to service—unless the general appearance takes the form of an answer."  The defendants asserted that their motion was timely because the deadline was not triggered until they filed their answers, which were filed contemporaneously with, or shortly after, the TCPA motion.

Following a hearing, the trial court signed an order denying the defendants' TCPA motion as untimely.  Raising two issues, the defendants ("Appellants" hereinafter) appeal the trial court's order.

---

[3]  *See id.* § 27.003(b).

**Denial of TCPA Motion to Dismiss as Untimely**

In their first issue, Appellants contend that the trial court erred by denying their TCPA motion as untimely filed.

## A. Standard of Review & Applicable Law

The TCPA provides, "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(a). Section 27.003(b) provides the deadline to file a TCPA motion: "A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b). The trial court may extend the time to file a motion on a showing of good cause. *Id.*

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). To the extent resolution of this appeal turns on construction of the TCPA, we also review these issues de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). When construing the TCPA, as with any other statute, our objective is to give effect to the legislative intent, looking first to the statute's plain language. *Id.* "[L]egislative

intent derives from an act as a whole rather than from isolated portions of it."
*Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

## B. Analysis

We must determine whether Appellants' TCPA motion to dismiss met the statutory deadline of being filed not "later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(b). The basic procedural facts relevant to this determination are undisputed. Specifically, the parties do not dispute and acknowledge the following:

- Gremillion never served Appellants with the suit.

- Appellants made general appearances in April 2018.

- Appellants filed their answers to the suit on July 20 and 25, 2018 and filed their TCPA motion on July 20, 2018.

- Appellants' TCPA motion was filed more than 60 days after they generally appeared in the suit.

Whether Appellants timely filed their motion to dismiss turns on whether Appellants' pre-answer general appearances sufficed as "the date of the service of the legal action," triggering the 60-day deadline to file their TCPA motion. *See id*. If the deadline for filing a TCPA motion to dismiss is calculated from the general-appearance date, then Appellants' motion was not timely filed.

Appellants acknowledge that Rule 120 of the Rules of Civil Procedure applies to their general appearances in this case. Rule 120 provides that a defendant's

appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law." TEX. R. CIV. P. 120. Under Rule 120, Appellants' general appearances in the trial court had the same force and effect as service of citation. *See Vandemark v. Jimenez*, No. 01-09-00168-CV, 2010 WL 1241287, at *4 (Tex. App.—Houston [1st Dist.] Apr. 1, 2010, no pet.) (mem. op.).

Gremillion asserts that reading the plain language of Rule 120 along with that of Section 27.003(b) leads to the conclusion that, when Rule 120 applies, the deadline for filing a TCPA motion to dismiss is calculated from the date of the defendant's appearance because that date is "the date of the service of the legal action." *See* TEX. CIV. PRAC. & REM. CODE § 27.003(b); TEX. R. CIV. P. 120. Gremillion also asserts that this conclusion is supported by our decision in *Jordan v. Hall*, 510 S.W.3d 194 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

In *Jordan*, Hall sued Jordan for attempting to unlawfully influence a mayoral election. *Id.* at 196. Jordan filed his answer three days after the suit was filed and before he had been served with process. *Id.* Five months later, Jordan filed a TCPA motion to dismiss. *Id.* Hall objected, claiming that the motion was untimely because Jordan had not filed it by the 60th day after the date of service of the legal action. *Id.* Jordan responded that his motion was timely because he was never served with the legal action and instead voluntarily appeared by filling his answer. *Id.* at 197. He asserted that a voluntary appearance without service waives service of citation

but not "service of [a] legal action" under section 27.003(b).  *Id.*  Jordan claimed that Hall was required to serve him with the petition to trigger the 60-day deadline. *Id.*

To determine whether the 60-day deadline had been triggered in *Jordan*, we relied on the Fourteenth Court of Appeals' decision in *Bacharach v. Garcia*, 485 S.W.3d 600 (Tex. App.—Houston [14th Dist.] 2016, no pet.).  *Jordan*, 510 S.W.3d at 197–98.  In *Bacharach*, Bacharach had voluntarily appeared and answered before he was served.  485 S.W.3d at 601.  Eleven months after she answered, Bacharach moved to dismiss the suit pursuant to the TCPA, and the trial court denied the motion as untimely.  *Id.* at 601–02.

On appeal, Bacharach asserted that the trial court erred by denying her motion as untimely because she had never been personally served with the suit and the 60-day deadline never began to run.  *Id.* at 602.  The appellate court disagreed, holding that Bacharach waived her right to formal service by voluntarily answering, which triggered the 60-day deadline in section 27.003(b).  *See id.* (citing TEX. R. CIV. P. 121).

In *Jordan*, we agreed with the *Bacharach* court's analysis.  *Jordan*, 510 S.W.3d at 198.  We recognized, "It is well-settled that the purpose of the TCPA is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and

9

participate in government as permitted by law." *Id.* (internal quotation marks omitted). And we recognized that "a defendant may waive the requirement of service by voluntarily appearing." *Id.* We determined that "[t]o interpret section 27.003(b) as permitting a voluntarily appearing defendant to file a TCPA motion at any time, including several months or years after answering, would run counter to the purpose of the TCPA." *Id.* We held that "Jordan's 60-day window in which to file his TCPA motion began to run on the date on which he voluntarily appeared by filing an answer . . . and his deadline expired 60 days later." *Id.* (citing *Bacharach*, 485 S.W.3d at 602).

Appellants disagree that *Jordan* supports the trial court's denial of their motion as untimely. They assert that *Jordan* supports their position that the 60-day deadline for filing a TCPA motion is calculated only from the date a defendant is formally served process or from the date a defendant files his answer. Appellants point out that, in *Jordan*, we cited Rule of Civil Procedure 121, which provides that "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance of service of citation upon him." TEX. R. CIV. P. 121. They argue that the filing of an answer starts the TCPA clock ticking because the filing of an answer, under Rule 121, dispenses with the necessity for the issuance of service of citation. *See id.* Appellants claim that, in contrast, Rule 120—governing the general appearances here—does not dispense with service of citation. For this

reason, Appellants assert that only actual service of process or the filing of an answer triggers the running of the 60-day period to file a TCPA motion.

In making their argument, Appellants indicate that a defendant who generally appears, but has not answered, must still be served with citation, and until the defendant is actually served, or until he answers, the TCPA clock does not begin to tick. However, a defendant's Rule 120 general appearance has been held to waive service of citation. *See Vandemark*, 2010 WL 1241287, at \*4 (recognizing that, pursuant to Rule 120, appellant's "appearance in court waived the service of citation requirement"); *Wright v. Ewens Chevrolet–Pontiac–Buick Co.*, 481 S.W.2d 447, 448 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) (holding defendant's continued participation in proceedings waived service of citation). And Rule 120 provides that a defendant's appearance "shall have *the same force and effect as if the citation had been duly issued and served* as provided by law." TEX. R. CIV. P. 120 (emphasis added). Thus, the language of the rule itself conveys that service of citation is not necessary when a party has made a general appearance because the appearance has "the same force and effect as if the citation had been duly issued and served." *Id.*

By way of analogy, Appellants point out that "courts have considered 'service' as the trigger for a deadline . . . in the default judgment context (i.e., the deadline to file an answer)." Appellants aver that "the default judgment procedure—

11

and the cases discussing that procedure—illustrate that service and a general appearance are not equivalent in all regards." Appellants point out, "[T]he only way a plaintiff can compel a defendant to file a written answer is by service of the citation; a general appearance does not have that effect."

Appellants' analogy, however, highlights the importance of beginning the 60-day period to file a motion to dismiss when a defendant makes a Rule 120 general appearance. A defendant who has made a general appearance, but has not been served, will almost certainly file an answer at some point or risk a judgment nihil dicit. *See Spivey v. Saner-Ragley Lumber Co.*, 284 S.W. 210, 213 (Tex. Comm. App. 1926, jdgmt. adopted) ("Whenever a defendant has appeared in a civil action, but says nothing in bar or preclusion of the plaintiff's action, a judgment by nil dicit may be taken by the plaintiff."); *Hegwer v. Edwards*, 527 S.W.3d 337, 342 (Tex. App.—Dallas 2017, no pet.) (recognizing that judgment rendered against defendant who appears but does not file answer is not a default judgment; it is a judgment nihil dicit). Without a set answer date, a generally appearing defendant could wait to file his answer until a scheduling order or a looming trial date requires him to do so. As a result, the answer may be filed long after the defendant generally appeared in the suit and consequently permit a TCPA motion to be filed late in the case.

Interpreting section 27.003(b) to allow a defendant who has appeared but has not filed an answer to wait until he has answered to file his motion to dismiss would,

as discussed in *Jordan*, run counter to the TCPA's purpose of dismissing qualifying claims early in the suit. *See Jordan*, 510 S.W.3d at 198. We conclude that Appellants' 60-day window in which to file their TCPA motion began to run when they made their general appearances, and their deadline to file the motion expired 60 days later. *See id.*; *see also* TEX. R. CIV. P. 120; *cf. Grant v. Pivot Tech. Sols., Inc.*, 556 S.W.3d 865, 885-86 (Tex. App.—Austin 2018, pet. filed) (analyzing effect of waiver or acceptance of service under Rule of Civil Procedure 119, which provides that "such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law," and determining that, when Rule 119 requirements are met, deadline for filing TCPA motion is calculated from date of waiver or acceptance of service).

Appellants do not dispute that they filed their TCPA motion to dismiss more than 60 days after they generally appeared. Thus, we hold that the trial court did not err when it denied Appellant's motion as untimely.

We overrule Appellants' first issue.[4]

---

[4]    Because it is not necessary for the disposition of this appeal, we do not reach Appellants' second issue in which they contend that Gremillion's claims fall within the scope of the TCPA. *See* TEX. R. APP. P. 47.1.

## Conclusion

We affirm the trial court's order denying, as untimely, Appellants' TCPA motion to dismiss.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Landau.