**Mariann BACHARACH, Appellant**

v.

**Rogelio GARCIA, Appellee**

**NO. 14–14–00958–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed February 2, 2016

Mariann Bacharach, Houston, TX, pro se.

·Eric Dick, Houston, TX, for Appellee.

Panel consists of Justices Hill Jamison, Donovan, and Brown.

## OPINION

Marc W. Brown, Justice

Mariann Bacharach appeals the denial of her motion to dismiss filed under Chapter 27 of the Civil Practice & Remedies Code—also known as the Texas Citizens' Participation Act (TCPA)—as untimely. We affirm the trial court's order striking and denying the motion.

### Factual and Procedural Background

On October 3, 2013, appellee Rogelio Garcia filed an application for temporary and permanent injunctive relief against appellant Mariann Bacharach, Dirty World, LLC, PissedConsumer.com, and Liars and Cheaters.com. The application alleged that Bacharach "began an organized campaign to discredit" Garcia, harassed him, and posted "fraudulent lies, rumors, innuendoes, and ... stories" on the other defendants' websites. Garcia also requested damages for slander, libel, "tortuous" interference of business, breach of contract, invasion of privacy, and intentional infliction of emotional distress. The three entities were eventually nonsuited, leaving Bacharach as the only defendant.

On October 11, 2013, Bacharach filed her response to Garcia's application, asking the court to deny relief and, alternatively, to grant a continuance. In her response, Bacharach alleged that she had not been served with Garcia's petition until the previous day—October 10, 2013. The record before us does not reflect whether the request for continuance was granted, nor does it contain proof of service upon Bacharach. Almost one year later, on September 18, 2014, Bacharach filed a doc-

ument entitled "Defendants Original Answer, Motion to Dismiss and for Damages, Costs, and Additional Findings Pursuant Chapter 27 of the Texas Civil Practice and Remedies Code." On September 25, 2014, Garcia moved to strike Bacharach's motion to dismiss as untimely. On the same day, Garcia also filed a third amended petition and request for injunctive relief.[1] The trial court granted Garcia's motion to strike Bacharach's motion to dismiss as untimely, finding that Bacharach was served on October 29, 2013 and did not file her motion to dismiss until September 1, 2014.[2] As a result, the trial court denied the motion to dismiss.

## Analysis

■ Bacharach argues that her motion to dismiss was timely filed and, therefore, the court erred in striking and denying it. A motion to dismiss under the TCPA must be filed "not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem.Code Ann. § 27.003(b) (West 2015). Despite having answered Garcia's initial application for injunction, Bacharach alleges on appeal that she was never served with any legal action and only became aware of each filing by monitoring the district clerk's website. There is no certificate of service or receipt of service for the initial application for relief included in the appellate record. However, Bacharach waived her complaint regarding lack of service when she filed an answer on October 11, 2013. Tex.R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."). Because Bacharach waived service by answering, she may not now rely on lack of service to justify the filing of her motion 23 months after the legal action against her was first filed.

■ Alternatively, Bacharach argues, the 60–day deadline was extended by Garcia's subsequent filings, meaning that she had up until 60 days after the most recent filing to file her motion to dismiss. Garcia's most recent filing—his third amended petition and request for injunction—was filed on September 25, 2014. Bacharach filed her motion one week before that petition was filed in the court, meaning that, in her own estimation, her motion was timely. In arguing that she had until 60 days after the most recent pleading in the case to file her motion to dismiss, Bacharach is essentially asking this court to adopt an expansive definition of the term "legal action"— one that encompasses any subsequent pleading filed in the lawsuit. We join the El Paso Court of Appeals in declining to do so and hold that, for the purpose of a motion to dismiss filed under Chapter 27, the clock began running on the date on which Bacharach was served with the first pleading alleging a cause of action against her.[3] *Miller–Weisbrod, L.L.P. v. Llamas–*

1. Our record does not contain the second amended petition, if any.

2. Nothing in the record before us, aside from the trial court's order, indicates that Bacharach was served on October 29. Bacharach's answer alleges that she was served on October 10, and Garcia's motion to strike alleges that Bacharach was served on October 9. Additionally, the clerk's stamp on Bacharach's motion to dismiss is dated September 18, 2014, not September 1. The discrepancy in dates is of no consequence in this proceed-

ing because the difference between any of the alleged dates of service and the filing date is well over the 60 days allowed by statute.

3. We express no opinion regarding the situation in which new causes of action are alleged in subsequent pleadings that may trigger the protection of the TCPA. We note that the Corpus Christi Court of Appeals has held that the 60–day deadline for filing a Chapter 27 motion to dismiss may begin anew as to additional causes of action alleged in subsequent pleadings. *Hicks v. Group & Pension Ad-*

*Soforo,* —— S.W.3d ——, ——— —— ——, 2014 WL 6679122, at *10–*11 (Tex.App.–El Paso Nov. 25, 2014, no pet.). Here, there are discrepancies regarding the date of service, but any of the dates of service in the record would have set a 60–day deadline well in advance of September 18, 2014. We affirm the trial court's order striking and denying Bacharach's motion to dismiss as untimely.

*mins., Inc.,* 473 S.W.3d 518, 529 (Tex.App.–     Corpus Christi 2015, no pet.).