**Opinion issued December 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00430-CV

———————————

**JUSTIN JORDAN, Appellant**

**V.**

**BENJAMIN HALL III, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-64275**

---

## O P I N I O N

In this interlocutory appeal, Justin Jordan challenges the trial court's denial, as untimely, of Jordan's motion to dismiss under the Texas Citizens' Participation Act (TCPA). Benjamin Hall III sued Jordan alleging that Jordan placed a defamatory and illegal political radio advertisement about Hall during Hall's

mayoral campaign. Three days later, and without service of the petition, Jordan filed an answer with special exceptions. Jordan moved to dismiss the suit under the TCPA five months later, and the trial court denied the motion as untimely. On appeal, Jordan contends the trial court erred by denying his motion as untimely because (1) the 60-day deadline to file a TCPA motion does not expire if a defendant is not served with process, and (2) the 60-day deadline is tolled by the trial court's order requiring Hall to replead in response to Jordan's special exceptions. We affirm.

## Background

In October 2015, Hall was running for mayor of Houston. On October 25, 2015, Houston radio station Majic 102.1 FM aired a political radio ad stating:

> Ben Hall, this message is for you. You can no longer lie to the voters of Houston. You can no longer make up stories about owning a radio station that just aren't true. We will not allow you to use Wayne Dolcefino to do your dirty work and you can't hide your association with Confederate sympathizer Steve Hotze. We know you took his money. And you know Wayne Dolcefino has a history of attacking our black leaders. Ben Hall, exactly what does that say about you?

Hall believed that Jordan, a former campaign manager, placed the ad. Two days after the ad aired, Hall sued Jordan in Harris County district court for "telecommunications and wire fraud, money laundering, election code violations and fraud, defamation and declaratory judgment relief." Hall alleged that Jordan and several political entities that he controlled had conspired to unlawfully influence the election.

2

Jordan did not await service of the lawsuit. Instead, on October 30, 2015, three days after the suit was filed, Jordan filed a general denial and special exceptions. Jordan specially excepted to Hall's defamation cause of action for failure to plead all the elements, and specially excepted to the telecommunications, wire and mail fraud, money laundering, and election law violations causes of action on the grounds that they were not recognized causes of action under Texas law.

On December 11, 2015, the trial court granted Jordan's special exceptions and ordered Hall to replead his causes of action. On December 21, 2015, Hall filed his "First Supplement to Plaintiff's Original Petition." The supplement more specifically set forth elements of claims for mail fraud, telecommunications fraud, and money laundering.

Three months later, on March 21, 2016, Jordan filed a motion to dismiss under the TCPA, arguing that the suit should be dismissed because it related to his placement of a political radio ad, which was an exercise of his free speech rights. Hall objected to the motion on the grounds that it was untimely because section 27.003(b) of the TCPA requires a motion to be filed by the 60th day after the date of service of the legal action. Jordan responded and argued that the deadline in section 27.003(b) had yet to expire because he voluntarily appeared. In other words, Jordan argued that there had been no "service of the legal action" due to his voluntary

appearance and, therefore, the clock on the 60-day deadline in section 27.003(b) never began to run.

The trial court entered an order denying Jordan's motion as untimely. Jordan appealed.

## Discussion

In his first and second issues, Jordan argues that the trial court erred by denying his motion to dismiss as untimely. He argues that the 60-day deadline for filing a TCPA motion has not yet begun to run because he was never served with the legal action and instead voluntarily appeared. Alternatively, he argues that the 60-day deadline was tolled because Hall was ordered to replead and the supplemental petition was insufficient to satisfy Hall's pleading burden.

### A.    Standard of Review and Applicable Law

A party may file a motion to dismiss a legal action based on, related to, or in response to a party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE § 27.003(a). Section 27.003(b) sets forth the deadline to file such a motion: "A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action." *Id.* § 27.003(b). The trial court may extend the time to file a motion on a showing of good cause. *Id.*

4

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). In conducting this review, we review the pleadings and evidence in a light favorable to the nonmovant. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80–81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Our primary concern when interpreting a statute is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole[,]" *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future and Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011), and we must consider a provision's role in the broader statutory scheme, *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008).

**B.    Analysis**

Jordan argues that his motion was timely because he was never served with the legal action and instead voluntarily appeared. More specifically, Jordan argues that section 27.003(b)'s 60-day deadline runs from the date of service and because

5

he was never served, the 60-day clock never began to run. Jordan argues that a voluntary appearance without service waives service of citation but not "service of [a] legal action" under section 27.003(b), and Hall was required to serve him with the petition in order to trigger the 60-day deadline in section 27.003(b).

The Fourteenth Court of Appeals considered a similar argument in *Bacharach v. Garcia*, 485 S.W.3d 600 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Garcia sued Bacharach for slander and libel, and Bacharach voluntarily appeared and answered. *Id.* at 601. Eleven months after she answered, Bacharach moved to dismiss the suit pursuant to the TCPA, and the trial court denied the motion as untimely. *Id.* at 601–02.

On appeal, Bacharach argued that the trial court erred by denying her motion as untimely because she had never been personally served with the suit and the 60-day deadline in section 27.003(b) never began to run. *Id.* at 602. The Fourteenth Court of Appeals rejected this argument, holding that Bacharach waived her right to formal service by voluntarily filing an answer, and this triggered the 60-day deadline in section 27.003(b). *See id.* (citing TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.")).

We agree with our sister court's analysis in *Bacharach*. It is well-settled that the purpose of the TCPA is "'to allow a defendant *early in the lawsuit* to dismiss

6

claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law.'" *Paulsen v. Yarrell*, 455 S.W.3d 192, 197 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *In re Estate of Check*, 438 S.W.3d 829, 836 (Tex. App.—San Antonio 2014, no pet.), *superseded by statute on other grounds as stated in Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887–88 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also Pickens v. Cordia*, 433 S.W.3d 179, 183 (Tex. App.—Dallas 2014, no pet.) (TCPA provides for "expedited dismissal of unmeritorious suits"); *Summersett v. Jaiyeola*, 438 S.W.3d 84, 86 (Tex. App.—Corpus Christi 2013, pet. denied) (TCPA "provides for the early dismissal of legal actions"). It is also well-settled that a defendant may waive the requirement of service by voluntarily appearing. *See* Tex. R. Civ. P. 121, 124; *James v. Calkins*, 446 S.W.3d 135, 142 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). To interpret section 27.003(b) as permitting a voluntarily appearing defendant to file a TCPA motion at any time, including several months or years after answering, would run counter to the purpose of the TCPA. *See Paulsen*, 455 S.W.3d at 197; *Check*, 438 S.W.3d at 837. Following *Bacharach*, we hold that Jordan's 60-day window in which to file his TCPA motion began to run on the date on which he voluntarily appeared by filing an answer, October 30, 2015, and his deadline expired 60 days later. *See Bacharach*, 485 S.W.3d at 602.

Jordan argues, however, that even if we conclude the TCPA's 60-day clock started when he voluntarily filed his answer, the deadline was tolled when the trial court sustained his special exceptions on December 11, 2015. Jordan argues that the supplemental petition that Hall filed on December 21, 2015, in response to the trial court's order sustaining the special exceptions, did not cure the problems with Hall's pleading, and therefore the TCPA dismissal deadline remains tolled, making his TCPA motion timely.

Although an amended petition asserting claims based upon new factual allegations may reset a TCPA deadline as to the newly-added substance, *see James*, 446 S.W.3d at 146, the deadline for a TCPA motion is not reset when a plaintiff files an amended petition that adds no new claims and relies upon the same factual allegations underlying an original petition. *See Paulsen*, 455 S.W.3d at 198. That is what happened here. The factual allegation underlying Hall's causes of action in his original petition, and in his supplemental petition, is Jordan's purportedly illegal placement of the radio advertisement. Likewise, the claims asserted in the supplemental petition are a subset of those asserted in the original petition. Accordingly, Jordan's 60-day deadline to file his TCPA motion was not tolled or reset by the filing of the supplemental petition or the trial court's order granting special exceptions. *See id.* (plaintiff's amended petition relying on same factual allegations as original petition did not reset TCPA deadline; defendant's

subsequently-filed TCPA motion was therefore untimely); *cf. James*, 446 S.W.3d at 146 (claims added in amended petition that were based upon substantively different factual allegations than previous petitions were subject to TCPA).

For the foregoing reasons, we hold that the trial court did not err by denying Jordan's TCPA motion as untimely. *See Bacharach*, 485 S.W.3d at 602; *Paulsen*, 455 S.W.3d at 198.

We overrule Jordan's first and second issues.

### Conclusion

We affirm the trial court's order.

Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.