**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00012-CV**
_____

**TROY SHIFLET, Appellant**

**V.**

**PORT ARTHUR PATROLMEN'S HUNTING CLUB, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-198,318**

**MEMORANDUM OPINION**

Troy Shiflet filed an accelerated appeal, challenging the denial of his motion to dismiss the Port Arthur Patrolmen's Hunting Club's suit under the Texas Citizens Participation Act ("TCPA"). The motion to dismiss was denied by operation of law because the trial court did not rule on the motion within the time period prescribed by the TCPA. In four issues on appeal, Shiflet contends that the trial court erred by

1

failing to grant his motion to dismiss. We affirm the trial court's denial of the motion to dismiss.

Procedural Background

In March 2016, the Port Arthur Patrolmen's Hunting Club (hereinafter referred to as "the Club") filed suit against Shiflet seeking damages and a temporary injunction and alleging that Shiflet's acts of accessing and building a structure upon land leased by the Club constitutes a trespass.[1] In June 2016, the trial court entered an agreed order granting a temporary injunction which, among other things, restrained, enjoined, and prohibited Shiflet from using the cabin-structure "to any degree or amount that exceeds any prior use that preceded this pending controversy, namely use as camp for outdoor recreation." On August 24, 2018, the Club filed a first amended petition alleging causes of action for trespass and nuisance and seeking damages, injunctive relief, and a declaratory judgment. On October 24, 2018, Shiflet filed a motion to dismiss under the TCPA. In its response to Shiflet's motion to dismiss, the Club argued, among other things, that Shiflet's motion was untimely because it was filed sixty-one days after the Club filed its amended petition, and that Shiflet failed to offer any evidence establishing good cause for the trial court to

---

[1]The Port Arthur Patrolmen's Hunting Club's original petition included another defendant who is not included in this appeal.

extend the deadline. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b) (West 2015).

On November 14, 2018, the trial court conducted a hearing on Shiflet's motion to dismiss, and during the hearing, the Club argued that Shiflet's motion to dismiss was untimely. Shiflet did not respond to the Club's argument by offering any evidence establishing good cause for the trial court to extend the deadline The trial court advised the parties that it would take the matter under advisement before ruling on the motion. Because the trial court did not rule on the motion within thirty days after the hearing, the motion was denied by operation of law. *See id.* § 27.005(a) (West 2015); *Jain v. Cambridge Petroleum Grp., Inc.*, 395 S.W.3d 394, 396 (Tex. App.—Dallas 2013, no pet.).

## Analysis

In issue one, Shiflet argues that the trial court erred in denying his motion to dismiss by operation of law because his motion was timely filed. Shiflet notes that the first amended petition, which was filed on August 24, 2018, included a certificate of service that incorrectly stated the service date was August 23, 2016, and Shiflet maintained that the amended pleading was served on August 24, 2018. The Club contends that Shiflet's motion to dismiss was properly denied by operation of law because the motion was not timely filed within sixty days of the date the amended

3

petition was served on him. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b); *Bacharach v. Garcia*, 485 S.W.3d 600, 602-03 (Tex. App.—Houston [14th Dist.] 2016, no pet.). According to the Club, Shiflet never sought leave in the trial court to file the motion late or presented any evidence or arguments demonstrating good cause for the late filing, and despite Shiflet's suggestion in his brief, this Court should not grant an extension for good cause because the issue was not preserved for review.

We review *de novo* a trial court's ruling on a motion to dismiss under the TCPA. *Jordan v. Hall*, 510 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In conducting our review, we review the pleadings and evidence in the light most favorable to the nonmovant. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80-81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Our primary concern in interpreting the statute is the express statutory language. *Jordan*, 510 S.W.3d at 197. The purpose of the TCPA is to allow a defendant early in the lawsuit to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and to otherwise participate in government to the maximum extent permitted by law. Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West 2015); *Hersh v. Tatum*, 526 S.W.3d 462, 466 (Tex. 2017).

4

Section 27.003(b) provides that a party filing a motion to dismiss must file the motion "not later than the 60th day after the date of service of the legal action." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b). The statute further provides that the trial court may extend the time to file a motion to dismiss "on a showing of good cause." *Id.*; *see also Newspaper Holdings, Inc.*, 416 S.W.3d at 79. "The TCPA sets strict guidelines for filing, hearing, and ruling on a motion to dismiss[,]" and absent a showing of good cause, a defendant must move to dismiss "'not later than the 60th day after the date of service of the legal action.'" *See Newspaper Holdings, Inc.*, 416 S.W.3d at 79 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.003(b)).

The Club's first amended petition bears a file-stamped date of August 24, 2018, Although Shiflet complains that the first amended petition included a certificate of service that incorrectly stated the service date, Shiflet stated both in his motion to dismiss and in his appellate brief that he was served with the amended petition on August 24, 2018. Shiflet filed his motion to dismiss on October 24, 2018, sixty-one days after he was served.

Our review of the record shows that Shiflet did not, either orally or by written motion, request an extension of time to file his motion to dismiss. On appeal, Shiflet asks this Court to consider his motion in the same way that the Club's TCPA motion was considered in another case. We decline Shiflet's request to consider evidence

5

outside the record. Because Shiflet failed to request an extension of time, we cannot conclude that Shiflet showed good cause for extending the deadline to file his motion to dismiss. *See Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 194 (Tex. App.—El Paso 2014, no pet.) (stating that without a request and a ruling on a request for an extension of time to file a motion to dismiss, nothing is preserved for review). Nor does the record show that the trial court implicitly ruled that Shiflet had good cause for the late filing. *Cf. Schimmel v. McGregor*, 438 S.W.3d 847, 856 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (declining to dismiss the suit on ground that the motion to dismiss was untimely).

Given the evidence in this case, we hold that the trial court had a basis for refusing to grant Shiflet's motion to dismiss, as it would not have been unreasonable for the trial court to have determined that the first amended petition was served upon Shiflet on October 24, 2018, and that Shiflet was required to file his motion to dismiss on or before October 23, 2018. *See In re Estate of Check*, 438 S.W.3d 829, 835-37 (Tex. App.—San Antonio 2014, no pet.). Because Shiflet's motion to dismiss was untimely, we conclude that the trial court did not err in refusing to grant the motion. *See id.* at 837. We overrule Shiflet's first issue. Because we conclude that Shiflet's motion was not timely filed, we need not address Shiflet's remaining issues,

which concern the merits of his motion to dismiss. *See* Tex. R. App. P. 47.1.

Accordingly, we affirm the trial court's denial of the motion to dismiss.

AFFIRMED.

           _____

           STEVE McKEITHEN
           Chief Justice

Submitted on June 6, 2019
Opinion Delivered August 29, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.