Opinion issued February 6, 2020



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00516-CV

————————————

**CHARLES WAYNE RUSSELL, Appellant**

**V.**

**LORI ELIZABETH RUSSELL, Appellee**

On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Case No. 19-FD-0579

## MEMORANDUM OPINION

Lori Elizabeth Russell filed a post-divorce petition alleging that her ex-husband, Charles Wayne Russell, his trial attorney, and her trial attorney committed fraud, conspiracy, and conversion. Charles Wayne Russell answered and moved to

dismiss the claims under the Texas Citizens Participation Act (the "TCPA")[1], and the trial court denied his motion. On appeal, Charles[2] challenges the trial court's order denying his TCPA motion. Having determined that Charles has not met his initial TCPA burden, we affirm.

## Background

### Lori's divorce petition

In 2015, Lori filed her petition for divorce from Charles. Lori and Charles signed a mediated settlement agreement ("MSA"). The MSA divided the marital property, with Lori receiving "$201,000 of Charles['s] 401(k)" and twelve payments of $750 each.

Lori's attorney drafted the final divorce decree. The final divorce decree "did not include the 401(k) award and only included one $750 payment in its division of the marital estate." The final divorce decree included a provision stating, "To the extent that there may be a conflict between this Order and the Mediated Settlement

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–27.011. The Texas Legislature amended certain provisions of the TCPA in 2019. Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, § 12, sec. 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010 (to be codified at TEX. CIV. PRAC. & REM. CODE §§ 27.001, 27.003, 27.005–.007, 27.0075, 27.009–.010). The amendments became effective September 1, 2019. *Id.* at § 11. Because suit was filed before the effective date of the amendments, this case is governed by the statute as it existed before the amendments. *See id.* All our citations and analysis are to the TCPA as it existed prior to September 1, 2019.

[2]    Because both parties have the same last name, we will refer to them by their first names.

Agreement from September 28, 2015, this Order controls." Notwithstanding the conflict between the terms of the MSA and the proposed final divorce decree, both Charles and Lori approved and consented to the final divorce decree "as to both form and substance."

Lori and her attorney appeared at the prove-up hearing. Charles and his attorney did not appear. Neither the $201,000 of Charles's 401(k) nor the twelve $750 payments were raised at the prove-up hearing. Lori's attorney did not introduce the MSA into the record or ask the trial court to render judgment on the MSA. At the end of the hearing, the trial court granted the divorce and signed the final divorce decree. Neither Lori nor Charles appealed from the final judgment, and the trial court later lost its plenary power.

**Lori's motion for judgment nunc pro tunc**

Later, Lori filed a motion for judgment nunc pro tunc, contending that the final divorce decree was incorrect because it did not contain the 401(k) award or the twelve $750 payments. After a hearing, the trial court signed and entered a judgment nunc pro tunc, which revised the final divorce decree to reflect the division of marital property as provided by the MSA—namely, that Lori was to receive "$201,000 of Charles['s] 401(k)" and twelve $750 payments.

3

**Charles's motion to set aside nunc pro tunc judgment**

Shortly after the trial court entered the judgment, Charles filed a motion to set aside the judgment nunc pro tunc as void. Charles argued that the judgment was void because the trial court rendered judgment on the property division in the final divorce decree. The trial court denied Charles's motion, and Charles appealed.

**Charles's appeal**

In *Matter of Marriage of Russell*, 556 S.W.3d 451, 461 (Tex. App.—Houston [14th Dist.] 2018, no pet.), our sister court reversed the judgment nunc pro tunc as void and reinstated the original final divorce decree. In doing so, the court explained that the judgment nunc pro tunc was void because it "changed the substantive rights of the parties under the [final divorce] decree and corrected judicial, and not clerical, errors." *Id*. at 458. The court held that judicial errors cannot not be remedied through a nunc pro tunc judgment. *Id*. at 456 (citing *Matter of Marriage of Bowe & Perry*, No. 14-16-00551-CV, 2017 WL 6102779, at *5 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.). (mem. op.)). The court observed that Lori could have challenged the judgment had she timely done so before the court lost its plenary power over the final divorce decree. *Id*. at 461. But she did not.

**Lori's post-divorce petition**

After the appellate court reinstated the final divorce decree, Lori filed a post-divorce petition, alleging that Charles, his trial attorney, and her trial attorney

committed fraud, conspiracy to defraud, and conversion. Specifically, Lori alleged that they "conspired to defraud [Lori] by deceiving the Court into believing and therefore accepting [the final divorce decree] that deviated substantially from the terms of the written agreement of the parties." She also alleged that the "conspirators went even further in implementing their fraudulent behavior by signing for the Court a purposed Agreed Decree of Divorce and intentionally misleading the Court into believing that [Lori] had acquiesced in the illegal contract." In explaining her conversion claim, Lori contended that Charles, his trial attorney, and her trial attorney "wrongfully convert[ed] the property belonging to [Lori] by virtue of the [MSA]."

**Charles's TCPA Motion**

Charles answered and moved to dismiss under the TCPA.[3] Charles argued that Lori's suit is based on, relates to, or is in response to his exercise of the right to petition, i.e., "to petition both in the trial court and the Court of Appeals." Charles further argued that Lori's suit is based on, relates to, or is in response to his exercise of the right of association, i.e., his right to "associate with his counsel." Charles also argued that Lori's suit is based on, relates to, or is in response to his exercise of the right of free speech, i.e., his right to "articulate his opinion pertaining to [the marital

---

[3] Charles also filed a plea to the jurisdiction, a Rule 92 general denial, and a Rule 91a motion to dismiss. All of Charles's pleadings sought to end the litigation. Charles did not assert any causes of action against Lori.

property] at issue in this proceeding." Charles asserted that Lori failed to establish by clear and specific evidence a prima facie case for each essential element of her claims, thereby entitling him to dismissal of the claims under the TCPA. Finally, Charles raised affirmative defenses, contending that Lori's claims were barred by res judicata and collateral estoppel. To his motion, Charles attached his affidavit, Lori's motion for judgment nunc pro tunc, and the *Russell* opinion.

Lori filed a response, stating that "[t]he issue is not the litigation[.] [T]he issue is the fraud, the deception, the conversion[,] the outright manipulative conduct, the continued pursuit of the deceptive activity[,] and the failure to return the property to which he has no legal right." In support of her response, Lori asked the court to take judicial notice of "this Court's file and some of the pleadings upon which Lori relies to support her position." The associate judge issued a report recommending denying Charles's motions. On Charles's request, the presiding judge held a hearing and directed the parties to submit post-submission briefs. The trial court denied Charles's TCPA motion. This interlocutory appeal followed.

**The Texas Citizens Participation Act**

**A.    Applicable law and standard of review**

The purpose of the TCPA statute "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and,

at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The Texas Supreme Court has described the statute's purpose as "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015).

Under the TCPA, a defendant may move to dismiss a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a); *Mustafa v. Pennington*, No. 03-18-00081-CV, 2019 WL 1782993, at *2 (Tex. App.—Austin Apr. 24, 2019, no pet.) (mem. op). A "'legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6).

The TCPA defines "exercise of the right to petition" as, among other things, "a communication in or pertaining to . . . a judicial proceeding." *Id*. § 27.001(4)(A)(i). "Communication" is defined under the TCPA as including "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1); *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018) ("Almost every imaginable

7

form of communication, in any medium, is covered [under the TCPA].”). Furthermore, the TCPA defines “exercise of the right of association” as a “communication between individuals who join together to collectively express, promote, pursue, or defend common interests.” TEX. CIV. PRAC. & REM. CODE § 27.001(2). Lastly, the TCPA defines “exercise of the right of free speech” as a “communication made in connection with a matter of public concern.” *Id.* § 27.001(3). And a “matter of public concern” includes an issue related to “a good, product, or service in the marketplace.” *Id.* § 27.001(7).

The defendant-movant bears the initial burden of showing by a preponderance of evidence that the conduct that forms the suit is based on, relates to, or is in response to the movant’s exercise of his rights to free speech, association, or petition. *Id.* § 27.005(b); *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). If the defendant meets this burden, then the burden shifts to the plaintiff-nonmovant to establish “by clear and specific evidence a prima facie case for each essential element of the claim in question.” TEX. CIV. PRAC. & REM. CODE § 27.005(c). Dismissal of the case is nonetheless required if the defendant-movant “establishes by a preponderance of the evidence each essential element of a valid defense to the [plaintiff’s] claim.” *Id.* § 27.005(d); *Baumgart v. Archer*, 581 S.W.3d 819, 825 (Tex. App.—Houston [1st Dist.] 2019, pet. filed). In conducting our review, we consider the pleadings and evidence in a light favorable to the plaintiff-

nonmovant. *Deuell v. Tex. Right to Life Comm., Inc.*, 508 S.W.3d 679, 685 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

We review de novo a trial court's ruling on a TCPA motion to dismiss. *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Services, Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). We interpret the TCPA in accordance with its express statutory language. *See Jordan v. Hall*, 510 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2016, no pet.). When construing the TCPA, as with any other statute, our objective is to give effect to the legislative intent, looking first to the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015).

### Whether Charles satisfied his TCPA burden

Charles contends that the TCPA applies because Lori's post-divorce petition is based on, relates to, or is in response to his exercise of his rights to petition, association, or free speech.

### A. Right to petition

Charles first contends that Lori filed the post-divorce petition because he filed a "petition to the trial court to enter an agreed Final Decree establishing a just and right division of his marital community property estate." "In order to trigger the TCPA's protection, the legal action must be *factually predicated* on the alleged conduct that falls within the scope of [the] TCPA's definition of exercise of the right

9

. . . [to] petition." *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied) (emphasis added) (citation and internal quotation marks omitted).

Charles's first theory is that Lori sued him because he petitioned the trial court for entry of a final divorce decree. That theory is not consistent with the undisputed facts in this case. It is undisputed that Lori, and not Charles, petitioned the trial court for a divorce. Lori then petitioned the trial court for a judgment nunc pro tunc. In response to her petitioning, and at every stage thereafter, Charles's actions were limited to challenging Lori's petition efforts as he continued to rely on the original decree. Because Charles has not established by a preponderance of the evidence that Lori's legal action is based on, relates to, or is in response to Charles's petitioning activity, Charles's first theory is without merit. *See Elliott*, 564 S.W.3d at 847.

Charles's second theory is that Lori filed the post-divorce petition because he filed "a successful appeal to the Fourteenth Court of Appeals to declare the . . . Judgment Nunc Pro Tunc void and to reinstate the Final Decree." The TCPA defines "exercise of the right to petition" as "a communication in or pertaining to . . . a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i). The issue, then, is whether Charles's previously-filed appeal constitutes a "judicial proceeding" to implicate the right to petition and invoke the TCPA's protections.

In *Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 728 (Tex. App.—Dallas 2016, pet. denied), the appellate court rejected the appellant's position that "judicial proceeding" meant a "previously filed judicial proceeding" and concluded that the ordinary meaning of "judicial proceeding" is "an actual, pending judicial proceeding." Along these same lines, in *Long Canyon Phase II & III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 220 (Tex. App.—Austin 2017, no pet.), a different appellate court stated, "The ordinary meaning of the phrase 'judicial proceeding'—versus, e.g., 'future,' 'potential,' or 'threatened' judicial proceeding—is an actual, pending judicial proceeding."

Applying the TCPA statute's plain language and ordinary meaning, we similarly conclude that a "judicial proceeding" does not include past or previously-filed judicial proceedings. Charles cannot demonstrate that Lori's suit is based on, relates to, or is in response to his exercise of the right to petition because he did not have a pending proceeding at the time she filed her post-divorce petition. *See Chandni, Inc. v. Patel*, --- S.W.3d ---- , 2019 WL 6799759, at *7 (Tex. App.—El Paso Dec. 13, 2019, no pet. h.) ("The mere fact that the parties were involved in litigation does not mean every subsequent action between them that could result in further litigation relates to or arises out of the judicial proceeding."). Lori filed the post-divorce petition after the Fourteenth Court of Appeals had already issued its decision in *Russell*. Therefore, Charles's second theory is also without merit.

11

## B. Right of association

Charles states that Lori's post-divorce petition "attacks" his right of association "(1) with the trial court, (2) with his own attorney and (3) with Lori and her attorney by alleging 'conspiracy'" by communicating with each other to "resolve and settle legal disputes and agree to language to be included in proposed documents filed with courts."

Charles's defensive theory is that the defendants did not hold a common interest because they "did not conspire at any time against [Lori]." But we also have to consider Lori's pleading. *See generally Deuell*, 508 S.W.3d at 685. In Lori's pleading, she alleges that Charles, his trial attorney, and her trial attorney "conspired to defraud [Lori]." Charles may deny her allegations, but, in analyzing a TCPA dismissal motion, we evaluate the pleadings as framed by the parties. *See Adams*, 547 S.W.3d at 892. Lori alleges Charles and the two attorneys joined against her. And Charles concedes, in his TCPA motion, that such intentional tortious conduct is not protected by the TCPA. We find no reason to disagree with his position.

## C. Right of free speech

Finally, Charles asserts that Lori's post-divorce petition "attacks" his right of free speech to request relief from the trial and appellate courts because he cannot "articulate his opinion pertaining to the division of his funds to the trial court without fear of legal sanctions, expense, delay or unwarranted costs." Charles asserts that his

12

pecuniary interests are a matter of public concern. We disagree. The plain language of the TCPA defines a "matter of public concern" as "a good, product, or service *in the marketplace*." TEX. CIV. PRAC. & REM. CODE § 27.001(7) (emphasis added). The marital property of these private parties is not a good, product, or service in the marketplace. Charles does not cite to any case law holding otherwise. TEX. R. APP. P. 38.1(i) (requiring appellant's brief to include "appropriate citations to authorities").

Accordingly, we hold that Charles did not meet his initial burden to show by a preponderance of the evidence that Lori's post-divorce suit was "based on, relates to, or is in response to" the exercise of his right to petition, right of association, or right of free speech. The TCPA does not apply to this action.

## Conclusion

Having overruled Charles's sole issue, we affirm the trial court's order.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.