

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00106-CV

**SINKIN & BARRETTO, P.L.L.C.** and Stephanie Bandoske as Personal Representative of the Estate of Arthur Gregory Augustine, Deceased,
Appellants

v.

**COHESION PROPERTIES, LTD.**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-00637
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: April 28, 2021

REVERSED AND REMANDED

In this interlocutory appeal, Sinkin & Barretto, P.L.L.C. and Stephanie Bandoske, the personal representative of the estate of Arthur Gregory Augustine (collectively, "S&B"), challenge the denial of their motion to dismiss under the Texas Citizens Participation Act ("TCPA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). We reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

In the underlying case, S&B sued Martha McCracken and Cohesion Properties, Ltd., for breach of contract, fraud, and other claims. S&B had represented McCracken in a divorce proceeding and Cohesion was awarded to McCracken as part of the property division in the divorce. S&B claimed McCracken and Cohesion were former clients who had failed to pay the Sinkin law firm and Augustine for their legal services.

McCracken and Cohesion filed a joint answer to the suit, denying S&B's allegations, and asserting counterclaims for legal malpractice, breach of fiduciary duty, breach of contract, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[1] Cohesion amended its answer twice. Cohesion's amended pleadings dropped its counterclaims for legal malpractice, breach of fiduciary duty, breach of contract, and violations of the DTPA, and added counterclaims for wrongful garnishment and theft under the Texas Theft Liability Act ("TLA"). The counterclaims were premised on allegations that S&B had wrongfully induced McCracken to pledge the proceeds from the sale of property owned by Cohesion to pay the fees she owed them.

S&B eventually moved for summary judgment on Cohesion's wrongful garnishment counterclaim. The trial court signed an interlocutory order granting S&B's summary judgment motion on Cohesion's wrongful garnishment counterclaim.

S&B subsequently moved for dismissal of Cohesion's wrongful garnishment and theft counterclaims pursuant to the TCPA. Additionally, S&B moved for summary judgment on Cohesion's theft counterclaim.

The trial court considered S&B's second summary judgment motion and their TCPA motion to dismiss at the same hearing. After the hearing, the trial court signed an interlocutory

---

[1]McCracken also asserted a counterclaim for statutory fraud.

order granting S&B's summary judgment motion as to Cohesion's theft counterclaim. Because the trial court did not timely rule on S&B's TCPA motion, it was denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a) (providing that when the trial court does not timely rule on a TCPA motion to dismiss, it is denied by operation of law and may be appealed); *id*. § 27.005(a) (providing that a court must rule on a TCPA motion to dismiss not later than the thirtieth day following the date the hearing on the motion concludes).

S&B appealed the denial of their TCPA motion to dismiss.

## ARGUMENTS PRESENTED ON APPEAL

On appeal, S&B argue the trial court should have granted their TCPA motion, dismissed Cohesion's counterclaims under the TCPA, and awarded them attorney's fees, court costs, and sanctions. S&B further argue that their TCPA motion was timely, that they established that the TCPA applied to Cohesion's counterclaims, and that they established their affirmative defenses. S&B also argue that Cohesion failed to establish by clear and specific evidence a prima facie case for each essential element of its theft counterclaim.[2]

Cohesion counters the trial court properly denied the TCPA motion because: (1) the TCPA motion was mooted by the trial court's summary judgment rulings, (2) the TCPA motion was untimely, (3) the TCPA did not apply to Cohesion's counterclaims, and (4) even if the TCPA applied, Cohesion established a prima facie case for its theft counterclaim, and S&B did not establish their affirmative defense of res judicata and collateral estoppel.

## MOOTNESS

We first address Cohesion's arguments regarding the mootness of this appeal and the timeliness of S&B's TCPA motion.

---

[2]S&B does not argue Cohesion failed to establish by clear and specific evidence a prima facie case for each essential element of its wrongful garnishment counterclaim.

Appellate courts are not permitted to decide moot controversies. *Klein v. Hernandez*, 315 S.W.3d 1, 3 (Tex. 2010). A case or an issue becomes moot when a controversy ceases to exist between the parties, or when the parties cease to have a legally cognizable interest in the outcome. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018); *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 586 (Tex. 2017). "Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests." *Harper*, 562 S.W.3d at *6 (internal quotation omitted). Mootness can occur at any stage in the proceedings, even on appeal. *Exxon Mobil*, 520 S.W.3d at 586.

Cohesion argues this appeal is moot because the trial court has already granted S&B's summary judgment motions on Cohesion's wrongful garnishment and theft counterclaims. For support, Cohesion cites *Kennedy v. Harber*, No. 05-17-001217-CV, 2018 WL 3738091, at *2 (Tex. App.—Dallas Aug. 7, 2018, no pet.). In *Kennedy*, the trial court granted the Harbers' summary judgment motion on Kennedy's claims, and Kennedy's summary judgment motions on the Harbers' counterclaims. *Id*., at *1-2. It also denied Kennedy's TCPA motion. *Id*., at *1. The trial court combined these rulings in a final judgment. *Id*., at *2. On appeal, Kennedy challenged the trial court's denial of his TCPA motion and its grant of the Harbers' summary judgment motion, which dismissed Kennedy's affirmative claims. *Id*., at *2-3. The Harbers did not appeal, meaning that the order granting summary judgment and dismissing the Harbers' counterclaims was final. *See id*., at *2. Under these circumstances, the court of appeals concluded that a controversy ceased to exist between the parties and the issues concerning the denial of the TCPA motion to dismiss were moot. *Id*.

*Kennedy* is distinguishable from the present case. In *Kennedy*, the counterclaims had been finally resolved in a final judgment. Here, unlike the situation presented in *Kennedy*, there is no final judgment; only interlocutory summary judgment rulings, which the trial court could change

before it renders a final judgment. *See In re Panchakarla*, 602 S.W.3d 536, 539-40 (Tex. 2020) (orig. proceeding) (noting the trial court retains continuing control over its interlocutory orders and has the power to set those orders aside any time before final judgment is rendered). Additionally, once the trial court signs a final judgment, Cohesion could file an appeal challenging the propriety of the summary judgment rulings on its counterclaims. We conclude that a controversy still exists between the parties and they still have a legally cognizable interest in the outcome of this case. Therefore, this appeal is not moot.

## TIMELINESS OF THE TCPA MOTION

Next, we address Cohesion's argument that the denial of the TCPA motion was proper because it was untimely filed.

A TCPA motion to dismiss must be filed not later than the sixtieth day after the date of service of the legal action.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). This sixty-day deadline is reset when a party files amended pleadings asserting new claims based on new factual allegations. *Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 WL 4739438, at *4 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.). However, the sixty-day deadline is not reset when a party files an amended pleading that adds no new counterclaims and relies upon the same factual allegations as in its original pleadings. *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

To determine if S&B's TCPA motion was untimely, we must compare Cohesion's original counterclaims with its first and second amended counterclaims. In its original counterclaims, which Cohesion filed jointly with McCracken, Cohesion denied that Sinkin and Augustine had ever represented it. Alternatively, Cohesion alleged that if Sinkin and Augustine did represent it,

---

[3]We apply the version of the Texas Citizens Participation Act ("TCPA") that took effect on September 1, 2019.

then Sinkin and Augustine breached their legal duties to it. Together with McCracken, Cohesion asserted counterclaims against Sinkin and Augustine for legal malpractice, breach of fiduciary duty, breach of contract, and violations of the DTPA.

By contrast, Cohesion's amended pleadings were not premised on allegations that Sinkin and Augustine provided legal representation to Cohesion and breached their legal duties to it. In its first amended pleading and counterclaim, Cohesion dropped its counterclaims for legal malpractice, breach of fiduciary duty, breach of contract, and violations of the DTPA, and asserted a single counterclaim for wrongful garnishment. In support of this counterclaim, Cohesion alleged: (1) that "[b]ased on [] Sinkin's false representation that he was in possession of a written agreement by [Cohesion] to pay him, the [c]ourt signed two writs of garnishment which resulted [in] $200,000 that was ultimately garnished;" (2) that a statement made by Sinkin showed he "was acting with conscious disregard of the truth at the time he presented the *ex parte*[] writ of garnishment;" (3) that "[a]fter serving the writs[] and freezing [Cohesion's] bank accounts, [] Sinkin began to use [Cohesion's] inability to access its money to extort a settlement;" (4) that "[b]y virtue of [] Sinkin's malicious actions, [Cohesion] has lost the use of the garnished funds and paid over $20,000.00" in attorney's fees to the garnishees; and (5) that Sinkin's actions "were taken with malice and with the intent to injure [Cohesion.]" These were new factual allegations that were not made in Cohesion's original pleadings.

In its second amended counterclaims, Cohesion retained its counterclaim for wrongful garnishment and the factual allegations supporting it and added a counterclaim for theft under the TLA. Cohesion's second amended pleading contained the following allegations: (1) that S&B "wrongfully appropriated [Cohesion's] property by acquiring money belonging to [Cohesion]"; (2) that S&B "induced [McCracken] to consent to the appropriation of [Cohesion's] money through deception;" (3) that this deception included "failing to correct a false impression of law"

that affected McCracken's judgment; (4) that S&B knew McCracken "did not have authority to give consent;" and (5) that "the wrongful appropriation was made with the intent to deprive [Cohesion] of its property." These were new factual allegations that were not made in Cohesion's previous pleadings.

We conclude that Cohesion's live pleading—its second amended counterclaims—contains new causes of action based on allegations of new and substantively different conduct than the counterclaims asserted in Cohesion's original pleadings. Therefore, S&B's sixty-day deadline to file a TCPA motion to dismiss was reset as to the wrongful garnishment and theft counterclaims. *See Franklin*, 2019 WL 4739438, at *5 (concluding the time for filing a TCPA motion was reset as to a slander claim added to the plaintiff's pleadings because it was a new cause of action based on a new factual allegation of substantively different conduct than was previously alleged).

Cohesion's first amended answer and counterclaim was served on S&B on September 19, 2019, and its second amended answer and counterclaim was served on S&B on November 1, 2019. S&B filed their TCPA motion to dismiss on November 18, 2019, which was within sixty days of being served with the first and the second amended pleadings asserting the new counterclaims. Therefore, we hold that the TCPA motion to dismiss was timely as to the wrongful garnishment and theft counterclaims.

### DISMISSAL UNDER THE TCPA

The TCPA authorizes a party to move for expedited dismissal of a legal action against it that "is based on" or "in response to" a party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). The purpose of the statute "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law,

and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id*. § 27.002.

"Reviewing a TCPA motion to dismiss requires a three-step analysis." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). First, the moving party must demonstrate that the TCPA properly applies to the legal action against it. *See id*.; Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). Second, if the moving party satisfies its burden to demonstrate the applicability of the TCPA, then the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *See Youngkin*, 546 S.W.3d at 679; Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Finally, if the nonmoving party satisfies the second step, then the burden shifts back to the moving party to establish an affirmative defense or other valid defense on which it is entitled to judgment as a matter of law. *See Youngkin*, 546 S.W.3d at 679-80; Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

We review the trial court's denial of a motion to dismiss under the TCPA de novo. *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018); *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied).

### *Applicability of the TCPA*

We now consider whether S&B met their burden to demonstrate the applicability of the TCPA. In their TCPA motion, S&B argued that the TCPA applied because Cohesion's counterclaims were based on or in response to their applications for prejudgment garnishment and supporting affidavits, which were documents filed in and pursuant to a judicial proceeding.

The TCPA provides that the trial court "shall dismiss a legal action against the moving party if [it] demonstrates that the legal action is based on or is in response to the party's exercise of the right to petition." Tex. Civ. Prac. & Rem. Code Ann. 27.005(b)(1)(B). A "legal action" "means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other

judicial pleading or filing that requests legal, declaratory, or equitable relief." *See id.* § 27.001(6). "'Exercise of the right to petition' means" "a communication in or pertaining to" "a judicial proceeding." *See id*. § 27.001(4)(A)(i). "'Communication' includes the making or submitting of a statement or document in any form or medium, including … written." *See id*. § 27.001(1).

Under the TCPA's definition, Cohesion's counterclaims qualify as "legal actions." *See id.* § 27.001(6). Cohesion's live pleading—its second amended answer and counterclaim— demonstrates that its counterclaims are "based on" or "in response to" the "exercise of the right to petition." *See id.* § 27.001(b)(1)(5). According to this pleading, Cohesion's counterclaims involve "a statement or document" in "a judicial proceeding"—specifically, the garnishment applications and supporting affidavits filed by S&B. *See id*. §§ 27.001(4)(A)(i), 27.001(1). Cohesion's second amended counterclaim alleges that S&B filed a garnishment action in which they represented to the court that Cohesion was indebted to them based on an agreement with McCracken; that S&B presented a false affidavit to the court in the garnishment action; that based on these filings, Cohesion lost the use of funds on deposit and had to pay attorney's fees in the garnishment action; and that these same actions constituted the wrongful appropriation of Cohesion's property. We conclude that S&B demonstrated the applicability of the TCPA. *See Youngkin*, 546 S.W.3d at 680-81 (concluding a movant established the applicability of the TCPA when the nonmovant's alleged claim stemmed from the dictation of a Rule 11 agreement during trial); *Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at *4 (Tex. App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied) (concluding that claims based on an inventory and discovery responses served in a divorce action were based on or in response to the right to petition and, therefore, the TCPA applied).

Because S&B demonstrated that the TCPA applies, the burden shifted to Cohesion to establish by clear and specific evidence a prima facie case for each essential element of its counterclaims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). However, because we

ultimately conclude that S&B established affirmative defenses as to each of Cohesion's counterclaims, we need not address this step in the TCPA analysis. *See id*. § 27.005(d); *Youngkin*, 546 S.W.3d at 681 (assuming without deciding that the nonmovant met his burden to establish a prima facie case for each essential element of his claims when the movant was entitled to dismissal under the TCPA because he established an affirmative defense).

### *Affirmative Defenses*

In their TCPA motion, S&B argued Cohesion's counterclaims were barred by res judicata, collateral estoppel, limitations, attorney immunity, and judicial privilege. On appeal, S&B maintain that they established each of these affirmative defenses, and therefore, they were entitled to a dismissal of Cohesion's counterclaims under the TCPA. Our analysis focuses on two of S&B's affirmative defenses, res judicata and limitations.

Res Judicata and Wrongful Garnishment

On appeal, S&B argues the trial court should have granted their TCPA motion because they established the affirmative defense of res judicata. Cohesion counters that S&B did not establish the affirmative defense of res judicata because the dismissal order in the garnishment action was not a final judgment on the merits.

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). The elements of res judicata are (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or privity of the parties, and (3) a second action involving the same claims or claims that could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Generally, a dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and

decided. *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999); *Jedkins v. Varghese*, No. 14-08-00895-CV, 2009 WL 5149877, at *3 (Tex. App.—Houston [14th Dist.] Dec. 31, 2009, no pet.) (mem. op.). Thus, an order dismissing a case with prejudice has full res judicata effect, barring subsequent relitigation of the same claims between the same parties. *Jedkins*, 2009 WL 5149877, at *3.

We conclude that S&B established the elements of res judicata as to Cohesion's wrongful garnishment counterclaim.

First, in a prior action, the garnishment action, Cohesion moved to dissolve the writ of garnishment and expressly pled and sought damages for wrongful garnishment on the ground that the affidavits supporting the garnishment application were false. Thereafter, McCracken, Cohesion, and S&B reached an agreement regarding the garnished funds and filed a joint motion asking the trial court to dismiss with prejudice all counterclaims and causes of action that were made or that could have been made against S&B. The trial court granted the parties' joint motion to dismiss and signed a dismissal order, stating "all relief requested in the Joint Motion for Dismissal is GRANTED" and "all claims and causes of action made or that could have been made by any party against any other party up to the date of the entry of the order in this cause are hereby DISMISSED with prejudice."

Second, the same parties involved in the present case were also involved in the prior action.

Finally, in the present case, as in the garnishment action, Cohesion bases its wrongful garnishment claim on the alleged falsity of the affidavits supporting the garnishment applications.

Cohesion argues that the dismissal order in the garnishment action was not a final judgment because even after it was signed, the parties continued to litigate issues related to the garnished funds in other cases. We disagree. The res judicata inquiry requires us to analyze the garnishment action. The record before us contains certified copies of numerous documents filed in the

garnishment action, including the garnishment applications, affidavits, motions, and the dismissal order. The dismissal order expressly recites that it disposed of all claims and causes of action that were made or that could have been made in the garnishment action. Based on this record, we conclude that the dismissal order disposed of all claims and parties and was a final judgment on the merits in the garnishment action.

In sum, the record establishes (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties, and (3) a second action involving the same claim as was raised in the first action. Because S&B established the affirmative defense of res judicata as to Cohesion's wrongful garnishment counterclaim, we conclude the trial court erred in denying the TCPA motion as to this counterclaim.

Statute of Limitations and Theft

Finally, on appeal, S&B argues that the trial court should have granted their TCPA motion because they established the affirmative defense of limitations. Cohesion does not address this argument in its appellate brief.

A two-year limitations period applies to a theft claim under the TLA. *See Gonyea v. Scott*, 541 S.W.3d 238, 248 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Generally, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). In most cases, a cause of action accrues when a wrongful act causes an injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). When a cause of action accrues is usually a question of law. *Knott*, 128 S.W.3d at 221.

Here, the alleged wrongful act occurred when S&B caused the funds to be taken from Cohesion's accounts. *See Gonyea*, 541 S.W.3d at 249 (holding that theft claim accrued on the date

money was wrongfully deposited into attorney's operating account). The record shows that this occurred in January 2016. Nevertheless, Cohesion did not file its theft counterclaim until November 1, 2019, which was more than two years after Cohesion's theft cause of action accrued. Because Cohesion failed to file its theft counterclaim within the two-year limitations period, S&B established their affirmative defense of limitations and they were entitled to dismissal of the theft counterclaim under the TCPA.

Because S&B established an affirmative defense as to each of Cohesion's counterclaims, the trial court should have granted the TCPA motion and dismissed Cohesion's counterclaims under the TCPA.

### *Court Costs, Attorney's Fees, and Sanctions*

Finally, S&B argues the trial court erred by not awarding them court costs, attorney's fees, and sanctions. The TCPA provides that, generally, when dismissal is ordered under the statute, the trial court "shall award to the moving part[ies] court costs and reasonable attorney's fees incurred in defending against the legal action," and "may award to the moving part[ies] sanctions." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1),(2). Thus, under the TCPA's plain language, the award of court costs and reasonable attorney's fees is mandatory, but the award of sanctions is discretionary. *See* TEX. GOV'T CODE ANN. § 311.016(1),(2) (providing that "may" "creates discretionary authority" and "shall" "imposes a duty"). We remand to the trial court for the award court costs and reasonable attorney's fees and, if the trial court determines it is appropriate, for the award of sanctions.

#### CONCLUSION

We conclude the trial court erred by allowing S&B's motion to dismiss to be denied by operation of law. We reverse and remand to the trial court for proceedings consistent with this opinion.

Irene Rios, Justice